FILED

PHILANDER BUTLER #16665-076
PRO-SE LITIGANT
U.S.P. POLLOCK
P.O. BOX 2099
POLLOCK, LA. 71467

SEP 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER  1:05CV01798

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JUDGE: John D. Bates

DECK TYPE: FOIA/Privacy Act

PHILANDER BUTLER,
    Plaintiff,

vs.

DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

CIVIL DATE STAMP: 09/12/2005

COMPLAINT

(FREEDOM OF INFORMATION
ACT 5 U.S.C. 552)

### I.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act
("FOIA"), 5 U.S.C. §552, as amended, to order the production of
agency records described herein.

### II.

### JURISDICTION

1.    This court has jurisdiction over this action pursuant
to the Freedom of Information Act, 5 U.S.C. 552(a)(4)(B).

### PARTIES

2. Plaintiff is PHILANDER BUTLER, presently an inmate at
the Federal Penitentiary in Pollock, LA., serving a life sentence.
See **Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct.
2379 (1988)**

3. Defendant is Drug Enforcement Administration (DEA), is
and agency of the executive branch of the United States government,
as defined by 5 U.S.C. 552(e) and it has possession of and control

# RECEIVED

over the records that Plaintiff seeks.

    4.   By letter dated February 18,2005, Plaintiff requested that Defendant provide access to or copies of:

        a.   Criminal history, record of arrest, conviction, warrants, or pending criminal cases involving Reginald Wide, Clarence Edward Alexander Jr., Fredick Wicks, and Andre J. Johnson.

        b.   All case names, case numbers and judicial districts, federal, state or local, where Wide, Alexander Jr., Wicks, and Johnson has testified under oath and/or cooperated in the investigation of criminal defendants.

        c.   A list of all money paid to Wide, Alexander Jr., Wicks, and Johnson since their initial payments.

        d.   All instances where the DEA has intervened on Wide, Alexander Jr., Wicks, and Johnson's behalf to assist them in avoiding criminal and/or tax problems or prosecutions.

        e.   All administrative sanctions imposed on Wide, Alexander Jr., Wicks, and Johnson by DEA or any other agency for any dishonesty, false claims, or other deceit or behavior that DEA or any other agency has deemed inappropriate.

A copy of the February 18,2005 letter request is attached as "Exhibit A."

    5.   Defendant responded to Plaintiff request on March 18,2005, but neither confirmed or denied the existence of any records pursuant to Wide, Alexander Jr., Wicks, or Johnson, and informed Plaintiff

that he would need to provide either proof of death or an original authorization from directly to DEA in order to conduct a search of their records. Exhibit B.

6.    Plaintiff appealed DEA's action to the Department of Justice Office of Information and Privacy (OIP) Exhibit C.

7.    On May 17,2005, OIP notified Plaintiff that his appeal would be handled in the order in which it was received. Exhibit D.

8.    On August 3,2005, Plaintiff filed a letter to "expand the record." Exhibit E.

9.    But received a letter from OIP dated August 1,2005, affirming the action of the DEA. Exhibit F.

10.    Plaintiff has exhausted his administrative remedies under the Freedom of Information Act, 5 U.S.C. § 552(A)(6)(6).

11.    Plaintiff has a statutory right to the records that he seeks, and there is no legal basis for defendant's refusal to disclose them to him.

12.    Plaintiff also request a fee waiver since release of the requested information will primarily benefit the general public and will be in the public interest.

WHEREFORE, Plaintiff prays that this Court:

1.    Declare that defendant's refusal to disclose the records requested by Plaintiff is unlawful:

2.    Order Defendant herein to immediately process and release the requested documents:

3

3.    Order Defendant herein to waive all fees, and

4.    Grant to Plaintiff any other relief as the interests
      of justice may require;

5.    Finally, "appoint counsel" to represent Plaintiff
      due to the factual and legal complexity of his
      claims, and Plaintiff's inability to investigate
      Wide, Alexander Jr., Wicks, and Johnson's criminal
      histories, plea agreements, and the money paid
      to them in the past, as well as, Plaintiff's
      inability to present his claims completely.

Respectfully Submitted on this 22 day of August, 2005.

*Philander Butler*

Philander Butler Pro-Se
Reg. No. 16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock, LA. 71467

4

# CERTiCATE OF SERVICE

I, <u>Philander Butler</u>, do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s):

**COMPLAINT TO COMPEL DISCLOSURE OF RECORDS FROM DRUG ENFORCEMENT ADMINISTRATION (DEA) REGARDING FOUR INFORMANTS**

which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and /or their attorney(s) of record.

I have place the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
FLAG BUILDING, SUITE 570
WASHINGTON, D.C.   20530

and deposited said envelope in the United States Postal Service via the legal mailbox here at the United States Penitentiary-Pollock, LA, on this <u>22</u> day of <u>AUGUST</u> 2005.

*Philander Butler*

Reg. No.: <u>16665-076</u>

U.S. Penitentiary Pollock
P.O. Box 2099
Pollock, Louisiana 71467-2099