EXHIBIT A
PLAINTIFF'S REQUEST

EXHIBIT A

EXHIBIT A

EXHIBIT A
PLAINTIFF'S REQUEST

with other agencies, all records of instances where the DEA or other agencies intervened on their behalf to assist them in avoiding criminal prosecution, and all records of administrative, sanctions imposed on them for dishonesty, false claims, or other deceit, The reason being is because these individuals testified in my trial, case no. 99-20009, for the government. See Bennett v. Drug Enforcement Admin., 55 F.Supp.2d 36,38 (D.D.C. 1999)

EXHIBIT B
DEFENDANT'S RESPONSE

EXHIBIT B

EXHIBIT B



U.S. Department of Justice

Drug Enforcement Administration

MAR 1 8 2005

Washington, D.C. 20537

Request Number:    05-0619-F

Subject of Request:   Information On Several Third Parties

Philander Butler
Reg. #16665-076
United States Penitentiary – Pollock
P.O. Box 2099
Pollock, LA  71467

Dear Philander Butler:

    Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records. Before the DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from all indivduals.

    Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

    If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

    Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

    If you wish to appeal this response, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal".

    Co-Director
    Office of Information and Privacy
    FLAG Building, Suite 570
    Washington, D.C. 20530

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

05 1798

FILED

SEP 1 2 2005

NANCY MAYER WHITTINGTON, CLERK

## FOIA/PRIVACY ACT APPEAL LETTER

**TO:**   Office of Information and Privacy
         FLAG Building, Suite 570
         Washington, D.C. 20530

**FROM:** Philander Butler #16665-076
         U.S.P. Pollock
         P.O. Box 2099
         Pollock, LA. 71467

**Date:** March 24, 2005

**RE:**   Freedom of Information Request Number 05-0619-F

This is an appeal under the Freedom of Information Act **and/or** Privacy Act contained in 5 U.S.C. §552 **and/or** 552a based upon the denial of requested records from your agency.

On February 18, 2005, I sent a notarized letter to U.S. Department of Justice, Drug Enforcement Administration "DEA" requesting information on several third parties pertaining to their criminal records, cooperation agreements with the DEA and other agencies, as well as, their cooperation agreements during my trial in Case No. 99-20009, because these third parties actually testified and relinquished any privacy rights by testifying in open court. (See Exhibit 1)

I received my response on March 18, 2005, alleging that such records are exempt from disclosure pursuant to Exemptions (b)(6) **and/or** (b)(7)(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552. (See Exhibit 2)

I wish to appeal the decision of the requested records on the following grounds:

05 1798

(1) Disclosure, not secrecy, is the dominant objective of Freedom of Information Act (FOIA). 5 U.S.C. §552; <u>Bennett v. Drug Enforcement Admin.</u>, 55 F.Supp.2d 36,39 (D.D.C. 1999)

(2) I need the requested information to uncover DEA and

FILED
SEP 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

prosecutorial misconduct in relation to Wide, Alexander Jr., Wicks, and Johnson. (See Exhibit 1) **Bennett, 55 F.Supp.2d at 41.**

(3) Each one of these witnesses committed perjury by either lying that he had no criminal records, or by lying that he never worked as informants for the goverment before, and the DEA and prosecution allowed such testimonies to go uncorrected during my trial in Case No. 99-20009, knowing it to be false, and suppressed **Brady** materials prior to and after my trial in violation of my Due Process and Sixth Amendment Rights to confront my accusers.

(4) Wide was allowed to testify falsely that, "he had three prior convictions, and hoped to receive leniency for his testimony during my trial on May 5,1999."I submit that Wide has over thirty (30) felony and misdemeanor convictions, and had a expectation of leniency on two pending felony charges of theft of property over $500 t/w: auto theft, and violation of parole which the prosecution suppressed, and Wide still received a 5k1.1 Motion for committing perjury on July 14,1999. (See Exhibit 3)

(5) Alexander Jr. testified that, he had no criminal convictions, and was paid $1600 for his testimony and involvement as a CI." I submit that Alexander Jr. has over five(5) felony and misdemeanor convictions, and had been an informant for the past three (3) years before my trial on May 5,1999, inwhich, he received additional payments as a CI. Alexander Jr. was allowed to commit perjury about his prior investigations as a CI and criminal convictions, knowing it to be false by the DEA and prosecution, who suppressed **Brady** materials prior to and after my trial, and still paid Alexander $1600 for his testimony and cooperation. (See Exhibits 4 and 5)

(6) Wicks testified that he has never worked as a government informant before, during my trial on May 5,1999. I submit that Wicks committed perjury because he began cooperation with the government in 1994-present in Case No. 94-20180, and the government and DEA allowed Wicks false testimony to go uncorrected knowing it to be false, and suppressed **Brady** materials as to Wicks criminal records and history as an informant prior to and after my trial, and the prosecution still granted Wicks a Rule 35(b) Motion for a sentence reduction on August 31,1999. Also, Mr. Wicks has out-of-state convictions in the State of Florida that was suppressed by the prosecution. (See Exhibits 6)

(7) Johnson never mentioned any of his prior cooperations as an informant during my trial, inwhich, Johnson has been cooperating as an informant since 1994-present. I submit that Johnson has been working for the DEA, FBI, and the Western District of Tn. Attorney's Office in Case Nos. 94-CR-20179-2, 94-CR-20256, 96-CR-61, and other unknown criminal investigations, and the prosecution and DEA suppressed **Brady** materials pertaining to Johnson prior to and after my trial on May 5,1999, and the prosecution still granted Johnson an amended sentence reduction on July 30,1999. Also, Johnson has out-of-state convictions in the State of Mississippi, and a history of lying to the authorities that was suppressed by the prosecutions. (See Exhibits 7,8, and 9)

(8) I wish to expose the alleged activities of the prosecution and DEA, and their informants' (Wide, Alexander Jr., Wicks, and Johnson).

(9) The withholding of Wide, Alexander Jr., Wicks, and Johnson's criminal records was improper, because although there

is a privacy interest against disclosing such criminal "rap sheets", the privacy interest is outweighed by the great public interest in shedding light on the activities of the prosecution and DEA, which employed them and paid them substantially despite their criminal records and perjuried testimonies. **Bennett, 55 F.Supp.2d at 41-41.**

(10) The Court of Appeals has held that when the government misconduct is allegely to justify disclosure, the public interest is insubstantial without compelling evidence that the agency is involved in illegal activity, and that the information sought is necessary to confirm or refute that evidence. **Quinon v. FBi, 86 F.3d 1222,1231 (D.C. Cir. 1996)**

(11) This public interest can only be served by the full disclosure of Wide, Alexander Jr., Wicks, and Johnson's rap-sheets and cooperation agreements about which they frequently testified, although not truthfully during my trial in open court. **Bennett, 55 F.Supp.2d at 42.**

(12) The withholding of Wide, Alexander Jr., Wicks, and Johnson's prior cooperations as informants, CI's, etc., and cooperation agreements during my trial was also improper.

(13) Wide, Alexander Jr., Wicks, and Johnson waived their privacy concerns by testifying in open court about some of payments they received from the prosecution, or for some past cooperations with the DEA.

(14) Alexander Jr., Wicks, and Johnson are not the usual government informants. They have been cooperating with the DEA, FBI, Memphis Police Department "MPD", Organized Crime Unit "OCU", and the Western District of Tn. Attorney's Office for the past

EXHIBIT D
DEFENDANT'S RESPONSE

EXHIBIT D

EXHIBIT D

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642    Washington, D.C. 20530

MAY 17 2005

Mr. Philander Butler
Register No. 16665-076
USP Pollock
P.O. Box 2099
Pollock, LA 71467

Re: Request No. 05-0619-F

Dear Mr. Butler:

This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on May 5, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1696**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Chief, Administrative Staff

05 1798

FILED

SEP 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT E
PLAINTIFF'S LETTER TO EXPAND THE RECORD

EXHIBIT E

EXHIBIT E

# FOIA/PRIVACY ACT APPEAL LETTER

To: Office of Information and Privacy
    FLAG Building, Suite 570
    Washington, D.C. 20530

From: Philander Butler
      Reg. No. 16665-076
      U.S.P. Pollock
      P.O. Box 2099
      Pollock, LA. 71467

Date: August 3, 2005

RE: 05-0619-F

Dear Sir or Madam:

On February 18, 2005, I filed my Freedom of Information/Privacy Act Request. On March 18, 2005, the Drug Enforcement Administration (DEA) denied my request pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552. On March 24, 2005, I appealed to this Honorable Appeal's Division.

Since I filed my complaint, I have learned of additional information to aid and assist this office in doing a thorough search for documents.

1. I learned that Reginald Wide received a 5k1.1 motion for testifying against me. See **Butler v. United States**, Case No. 99-cr-20009 (W.D. Tenn), and received leniency on a state charge in the 30th judicial district of Shelby County, Tenn. See **Reginald Wide v. State of Tn.**, Indictment Number 99-00203; Booking Number 98031028; RNI # 120491.

2. I learned that Clarence Edward Alexander Jr. cooperated in **United States v. Antonious Davis**, Case No. 98-20054-TU (W.D. Tenn.) and **Micheal Bridgeforth**, Case No. unknown (W.D. Tenn.)

3. I learned that Fredrick Wicks cooperated against **Keith Thompson v. United States** Case No. 94-cr-20193-JPM (W.D. Tenn.) and **David Sidney and Willie J. Halliburton v. United States**, Case No. 94-cr-20247-BBD (W.D. Tenn.) In addition, Mr. Wicks wife, Tara Wicks, cooperated in his behalf.

1

FILED
05 1798
SEP 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. I learned that Andre J. Johnson's Social Security Number (SSN) is: 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; United States Marshall Number (USM) is: 14891-076. In addition, Mr. Johnson's Criminal Case No. 96-cr-61 was prosecuted in the Northern District of Mississippi. Mr. Johnson have two (2) more cases that I discovered he testified and/or cooperated in, in the Western District of Tennessee. See **Daren Reese v. United States**, Case No. 97-20259-G (W.D. Tenn.) and **Tony Carruthers and James Montgomery v. State of Tennessee**, Case No. 94-027979, which was a "death penalty case" that was held in the 30th judicial district of Shelby County, Tn.

5. I would like to "expand the record" in support of my complaint to help speed the process up in locating said individuals 5k1.1 motions, 35(b) motions for sentence reductions, and their criminal background checks, as well as, the documents already listed, to expose the alleged wrongful activities of the Prosecution and DEA offices in the Western District of Tennessee, and their informants' (Wide, Alexander Jr., Wicks, and Johnson). See **Bennett v. Drug Enforcement Admin.**, 55 F.Supp.2d 36 (D.C. Cir. 1999)

Respectfully Submitted on this _3_ day of August, 2005.

*Philander Butler*
Requesting Party

### NOTORIZATION

I, Philander Butler, hereby solemnly swear under the penalty of perjury (pursuant to 28 U.S.C. §1746) that the foregoing is true and correct to the best of my knowledge. Executed on:

August 3, 2005
date

*Philander Butler*
Affiant

2

EXHIBIT F
DEFENDANT'S DENIAL

EXHIBIT F

EXHIBIT F



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

AUG 0 1 2005

Mr. Philander Butler
Register No. 16665-076
United States Penitentiary          Re:  Appeal No. 05-1696
Post Office Box 2099                     Request No. 05-0619-F
Pollock, LA   71467                      RLH:NSQ:GLB

Dear Mr. Butler:

You appealed from the action of the Drug Enforcement Administration on your request for access to records concerning several third parties.

After carefully considering your appeal, I have decided to affirm the action of the DEA in refusing to confirm or deny the existence of the records you requested.  Without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

05 1798

**FILED**

SEP 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT