UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILANDER BUTLER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.:  05-1798 (JDB) |
| ) | |
| **DRUG ENFORCEMENT ADMINISTRATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANT'S PROTECTIVE MOTION FOR ENLARGEMENT OF TIME

Defendant, identified in the Complaint as the Drug Enforcement Administration, by and through undersigned counsel, respectfully moves this Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to answer or otherwise respond to the Complaint brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[1]  Defendant requests that the deadline for responding be extended to the date set by the Court and entered on the Court's ECF system as November 21, 2005.  This is Defendant's first request for an enlargement of time in this case, and no scheduling order has been entered.  The grounds for this motion are set forth below.

Pursuant to 5 U.S.C § 552(a)(4)(C), a response to a complaint brought under the FOIA is required within thirty days from service of the complaint on the United States.  According to Defendant's records, a response in this case would be due October 20, 2005.  However, the Court's ECF system indicates that the deadline for responding to Plaintiff's complaint has been set by the Court as November 21, 2005.  Therefore, out of an abundance of caution, Defendant hereby files this protective motion for enlargement of time.

---

[1]  Under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the United States Department of Justice.

Counsel for Defendant needs this additional time to coordinate with agency counsel and to obtain critical information about the circumstances of this case. Following further consultation with agency counsel, counsel for Defendant can then address the relevant issues. Counsel for Defendant anticipates being able to file a dispositive motion in this case.

This extension is sought in good faith and will not unfairly prejudice any party. Allowing Defendant some additional time to formulate their response will aid both the parties and the Court in the development and resolution of this case.

Because plaintiff, *pro se*, Philander Butler, is a federal prisoner, counsel for Defendant did not attempt to contact him concerning his position on this motion.[2]

WHEREFORE, based on the foregoing, Defendant respectfully requests that the time for answering or otherwise responding to Plaintiff's Complaint be extended to November 21, 2005.

Dated: October 18, 2005.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

2

/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220