## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILANDER BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.:  05-1798 (JDB) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, identified in the complaint as the Drug Enforcement Administration,[1] by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 56(c), for summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case, as no records have been improperly withheld from Plaintiff and Defendant is entitled to judgment as a matter of law.  In support of this motion, Defendant files the declaration of Leila I. Wassom and accompanying exhibits.[2]  Defendant also submits the attached memorandum of points and authorities, statement of material facts not in dispute, and proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the declarations and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's materials.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7.1(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

---

[1]  Under the FOIA, the only proper defendant in this case is the United States Department of Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

[2] Attached as Exhibit 1.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: November 28, 2005.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILANDER BUTLER,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Civil Action No.:  05-1798 (JDB)
                                     )
DRUG ENFORCEMENT ADMINISTRATION, )
                                     )
            Defendant.               )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE

Pursuant to LCvR 7.1(h), Defendant Drug Enforcement Administration, a component of the United States Department of Justice, respectfully submits this statement of material facts as to which there is no genuine dispute.  The attached declaration of Leila I. Wassom supports this statement.

1.     By letter dated February 18, 2005,  the plaintiff requested information about four third parties, providing names and identifying information.  The plaintiff specifically requested "criminal histories ( including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, . . . ."  Decl. ¶ 6, Exh. A.

2.     On March 18, 2005, DEA informed the plaintiff that it neither confirmed nor denied the existence of any of the requested records and that in order to receive information about third parties it was necessary for him to provide either proof of death or an original authorized notarized authorization (privacy waiver) from all individuals.   DEA also informed the plaintiff that without proof of death or a privacy waiver, to confirm the existence of law

enforcement records or information about another person is considered an unwarranted invasion of personal privacy, and such records would be exempt pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C).  See Decl. ¶ 7, Exh. B.

3.      By letter dated March 24, 2005, the plaintiff appealed DEA's response to the Office of Information and Privacy ("OIP"), alleging that the third parties about whom he requested information had relinquished their privacy rights by testifying in open court.  See Decl. ¶ 8, Exh. C.

4.      In a letter dated May 17, 2005, OIP acknowledged the plaintiff's appeal, informing him that his appeal would be handled in approximate order of receipt.  See Decl. ¶ 9, Exh. D.

5.       By letter dated August 1, 2005, OIP affirmed DEA's response, stating that without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an invasion of privacy under FOIA exemption (b)(7)(C)).  See Decl. ¶ 10, Exh. E.

6.      On September 12, 2005, the plaintiff filed this civil action against DEA.  Compl., Docket Entry No. 1.

7.      To date, there is no record that the plaintiff provided a written authorization from any third party for release of information or any proof of death for any of the individuals, and no court order has been received by DEA..  See Decl. ¶ 20.

Dated: November 28, 2005.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILANDER BUTLER,                              )
                                              )
                Plaintiff,                    )
                                              )
        v.                                    )        Civil Action No.:  05-1798 (JDB)
                                              )
DRUG ENFORCEMENT ADMINISTRATION, )
                                              )
                Defendant.                    )
_____ )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant, identified in the complaint as the Drug Enforcement Administration, through

the undersigned counsel, respectfully moves this Court for summary judgment pursuant to Fed.

R. Civ. P. 56(c).

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Privacy Act, 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA request by the

Drug Enforcement Administration ("DEA"), a component of the Department of Justice ("DOJ").[1]

As demonstrated by the attached declaration of Leila I. Wassom, Administrative Law Section of

DEA,[2] Defendant DEA properly responded to Plaintiff's request for records concerning third

parties, and properly invoked and justified its reliance on statutory exemptions under the FOIA

and Privacy Act.  Thus, for the reasons set forth below, Defendant is entitled to summary

judgment.

---

[1]  Under FOIA, the only proper defendant in this case is the United States Department of
Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

[2]  Attached as Exhibit 1.

## BACKGROUND

By letter dated February 18, 2005, Plaintiff Philander Butler, a federal prisoner, requested information about four third parties, providing names and identifying information. The plaintiff specifically requested "criminal histories ( including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, . . . ." Decl. ¶ 6, Exh. A. Based upon Plaintiff's February 18, 2005 letter, DEA interpreted the request as seeking criminal investigatory records relating to third parties and records related to confidential sources. Decl. ¶ 11.

On March 18, 2005, DEA informed Plaintiff that it neither confirmed nor denied the existence of any of the requested records and that in order to receive information about third parties it was necessary for him to provide either proof of death or an original authorized notarized authorization (privacy waiver) from all individuals. DEA also informed Plaintiff that without proof of death or a privacy waiver, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy, and such records would be exempt pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C). See Decl. ¶ 7, Exh. B.

By letter dated March 24, 2005, Plaintiff appealed DEA's response to the Office of Information and Privacy ("OIP"), alleging that the third parties about whom he requested information had relinquished their privacy rights by testifying in open court. See Decl. ¶ 8, Exh. C. In a letter dated May 17, 2005, OIP acknowledged Plaintiff's appeal and informed Plaintiff that his appeal would be handled in the approximate order of its receipt. See Decl. ¶ 9, Exh. D.

-2-

By letter dated August 1, 2005, OIP affirmed DEA's response, stating that without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an invasion of privacy under FOIA exemption (b)(7)(C)).  See Decl. ¶ 10, Exh. E.  To date, there is no record that Plaintiff provided a written authorization from any third party for release of information or any proof of death for any of the individuals, and no court order has been received by DEA..  See Decl. ¶ 20.

On September 12, 2005, Plaintiff filed this civil action against DEA.  Compl., Docket Entry No. 1.

## STANDARD OF REVIEW

### I.    Summary Judgment (Fed.R.Civ.P. 56)

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits

"affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

## II.    Summary Judgment In FOIA Cases

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[3]  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are

---

[3]  For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

within the FOIA exemption category; the district court need look no further." Citizens

Commission on Human Rights v. FDA, 45 F.3d 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d

1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v.

Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). When the pleadings, supplemented by the affidavits

and declarations, show no genuine issue as to any material fact and the defendant is entitled to

judgment as a matter of law, summary judgment should be granted to the defendant. See Perry v.

Block, 684 F.2d 121 (D.C. Cir. 1982).

     In this case, Defendant's declaration was prepared by Leila I. Wassom, who is familiar

with the procedures followed by the agency in responding to requests for information under the

FOIA. See generally Decl. Ms. Wassom is also specifically familiar with the processing of

Plaintiff's FOIA request by the DEA. Id.

## ARGUMENT

     A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld'

(3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)

(quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5

U.S.C. § 552(a)(4)(B). In this case, Plaintiff has failed to show that Defendant improperly

withheld agency records. See United States Dep't of Justice v. Tax Analysts, 492 U.S. at 142.

Because Defendant properly responded to Plaintiff's request for records concerning third parties

and properly invoked and justified its reliance on statutory exemptions under the Privacy Act and

the FOIA, Defendant is entitled to judgment as a matter of law. See, e.g., Perry v. Block, 684

F.2d at 126.

I.    **DEA Properly Found That Under The Privacy Act, 5 U.S.C. § 552a, Any Responsive Records Which May Exist Were Undisclosable.**

The Privacy Act, 5 U.S.C. §552a(j)(2), in conjunction with DOJ regulations, 28 C.F.R. §16.98, exempt from mandatory disclosure DEA systems of records, including the DEA Investigative Reporting and Filing System (IRFS), Justice/DEA-008, and Operations Files, Justice/DEA-011. See 5 U.S.C. §552a(j)(2); 28 C.F.R. §16.98. These Privacy Act Systems of records are not disclosable under the PA, unless their disclosure was made pursuant to a written request by, or with the prior written consent of, the individual about whom the records pertain, or unless their disclosure would be required under the FOIA, 5 U.S.C. § 552, or under the order of a court of competent jurisdiction. See 5 U.S.C. §552a(b)(2), (11); Decl. ¶ 14.

In this case, the requested information concerned third parties' "criminal histories ( including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, . . . ." Decl. ¶ 6, Exh. A. Any such criminal investigatory information is maintained in investigative case files located in IRFS, JUSTICE/DEA-008. Decl. ¶ 12. Information regarding the identity of and details about DEA confidential sources is contained in confidential source files that are maintained in the DEA Operations Files, JUSTICE/DEA-011. Id. Therefore, any of the requested information in this case, if in existence at all, would be located in DEA's systems of records which are considered Privacy Act Systems of records. Decl. ¶ 13; see also 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.98. Accordingly, DEA determined any possible responsive records were not disclosable under the PA, unless their disclosure was made pursuant to a written request

by, or with the prior written consent of, the individual to whom the records pertain, or unless

their disclosure would be required under the FOIA, 5 U.S.C. § 552, or under the order of a court

of competent jurisdiction.  See Decl. ¶ 14.  Merely confirming that an individual is mentioned is

a disclosure under the Privacy Act and, in and of itself, would constitute a violation of an

individual's privacy or would disclose the status of an individual as a confidential source.  See

Decl. ¶ 15.

To date, there is no record that Plaintiff provided a written authorization from any third

party for release of information or any proof of death for any of the individuals about whom

Plaintiff requested information.  Decl. ¶ 20.  Thus, the DEA properly went on to review whether

disclosure of any information would be required under the provisions of the FOIA.

## II.    DEA Properly Applied The FOIA And Found That Any Responsive Records Which May Exist Were Undisclosable.

### A.    DEA Properly Applied Exemption 7(C).

First, in order for an agency to apply the law enforcement withholding provisions of the

FOIA, the agency must demonstrate that the documents in question, first meet the threshold

requirement of "being compiled for law enforcement purposes" under Exemption 7.[4]  In

determining the applicability of Exemption 7, courts have held that "foremost among the

purposes of Exemption 7 is to protect investigatory files in order to prevent harm to the

government's case in court."  Putnam v. U.S. Department of Justice, 873 F.Supp. 705, 713

(D.D.C. 1995) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 235 (1978).  When,

---

[4]  Exemption 7 has been amended twice since FOIA's enactment in 1966.  The law enforcement section of FOIA was amended in 1974 and in 1986.  During both amendment processes, Congress sought to balance the protection required of federal law enforcement files while complying with the letter and spirit of the disclosure aspects of FOIA.

however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing Pratt v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982)). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" Keys, 830 F.2d at 340 (quoting Pratt, 673 F.2d at 421).

In this case, as evidenced by the very nature of Plaintiff's FOIA request, any responsive information located by DEA is investigatory data compiled for law enforcement purposes. First, Plaintiff requested information about four third parties, specifically seeking their "criminal histories (including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, . . . ." See Decl. ¶ 6, Exh. A; Cmplt ¶ 4. Based upon Plaintiff's February 18, 2005 letter, DEA interpreted the request as seeking criminal investigatory records relating to third parties and records related to confidential sources. Decl. ¶ 11. Any information responsive to Plaintiff's request, if in existence at all, would be located in DEA's files where the agency stores its investigative information. Decl. ¶¶ 21-22.

Second, as described in the Wassom Declaration, the DEA's activities clearly involve law enforcement duties. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.*, which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking of controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate

-8-

and international levels; seize and forfeit assets derived from, traceable to, or intended to be used

for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange

information in support of drug traffic prevention and control.  Decl. ¶ 21.  Any information

contained in DEA's files pertaining to third parties' criminal histories, possible cooperation in

criminal investigations, or information pertaining to "their capacity as DEA informants" is

information which was created to carry out the DEA's law enforcement duties.  See, e.g., Decl.

¶¶ 6, 11, 21-22, Exh. A; Cmplt ¶ 4.  Therefore, the information over which the DEA applied

Exemption 7 clearly illustrates the required nexus between any responsive records and the law

enforcement duties the DEA has been entrusted to carry out.

   The FOIA exempts from the requirement of disclosure these "records or information

compiled for law enforcement purposes" to the extent that the production of such law

enforcement information "could reasonably be expected to constitute an unwarranted invasion of

personal privacy."  5 U.S.C. § 552(b)(7)(C).  Exemption 7(C) requires the agency and the

reviewing court to weigh the public interest in the release of information against the privacy

interest in nondisclosure.  See United States Dep't of Justice v. Reporters Comm. for Freedom of

the Press, 489 U.S. 749, 762 (1989).  The public interest in disclosure must be evaluated in light

of FOIA's central purpose: "to open agency action to the light of public scrutiny."  Id. at 772

(quoting Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976)).  Information that does not

directly reveal the operations or activities of the government "falls outside the ambit of the public

interest that the FOIA was enacted to serve."  Id. at 775.  The plaintiff bears the burden of

establishing that the "public interest in disclosure is both significant and compelling in order to

overcome legitimate privacy interests."  Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995),

citing <u>Senate of Puerto Rico v. Department of Justice</u>, 823 F.2d 574, 588 (D.C. Cir. 1987).

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. <u>Brown v. FBI</u>, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" <u>Davis v. Department of Justice</u>, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting <u>Reporters Committee</u>, 489 U.S. at 773) (internal quotation marks omitted). Courts have explicitly recognized that the privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." <u>SafeCard Services, Inc. v. SEC</u>, 926 F.2d 1197, 1205 (D.C. Cir.1991). The Supreme Court has further found that where the privacy concerns addressed by Exemption 7(C) are present, the exemption is broad and requires the person requesting the information to establish a sufficient reason for the disclosure. <u>National Archives and Records Admin. v. Favish</u>, 541 U.S. 157, 172 (2004). First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted. <u>Id.</u> at 172-73.

Specifically, the names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). <u>Davis</u>, 968 F.2d at 1281; <u>Lesar v. U.S. Dep't of Justice</u>, 636 F.2d 472, 487-488 (D.C. Cir. 1980). Individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, also have protected privacy interests in their anonymity. <u>Computer Professionals for Social Responsibility</u>, 72 F.3d at 904; <u>Farese v. U.S. Department of Justice</u>, 683 F. Supp. 273, 275

-10-

(D.D.C. 1987).   The fact that the requester might be able to determine the individuals' identities through other means, or that their identities have been disclosed elsewhere, does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755, 760-61 (D.C. Cir. 1990); Weisberg v. Dept. of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).  Furthermore, "Exemption 7(C) takes particular note of the 'strong interest' of individuals, whether they be suspects, witnesses, or investigators, 'in not being associated unwarrantedly with alleged criminal activity.'" Dunkelberger v. Dept. of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990)(quoting Stern v. FBI, 737 F.2d 84, 91-92 (D.C.Cir.1984)).

In cases such as this, where DEA receives a request seeking information pertaining to third parties' "capacity as DEA informants," DEA routinely employs the response that it "neither confirms nor denies" the existence of responsive records.  Decl. ¶¶ 16-19.  DEA uses the "neither confirm nor deny" response to provide maximum protection for privacy, the safety, welfare and confidentiality of individuals, and not to mislead the requester.  Decl. ¶ 16.  To admit that records exist would be a disclosure of information contained in a PA system of records or would disclose the status of an individual as a confidential source.  To deny the existence of records, could be misleading or, in addition in the case of a confidential source, allow a requester to identify a source by narrowing the possible individuals that could have provided information.   Decl. ¶ 19.  Thus, disclosure of any information concerning these third parties would be an unwarranted invasion of their personal privacy .

Despite Plaintiff's claims that information regarding these third parties has been disclosed in open court, that in no way diminishes their privacy interests.  See Fitzgibbon v. CIA, 911 F.2d at 760-61; see also Cmplt., Exh. A, C; Decl. ¶ 8.  Exemption 7(C) was applied in this case to

-11-

protect the personal information about third party individuals who participated in the investigation and prosecution of Plaintiff's case, and to protect any information which may exist concerning the individuals' alleged capacities as informants or their association with criminal activity.  Decl. ¶ 16, 21-25; see also Cmplt.  As such, DEA employs the "neither confirm nor deny" response in order to protect the health and safety of sources.  Decl. ¶ 17.  Furthermore, the release of any such information could have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn.  Decl. ¶ 23.  Therefore, DEA properly balanced the individuals' privacy interests against any discernible public interest in disclosure.  Decl. ¶ 24.

As DEA appropriately recognized, Plaintiff provided no facts to show any public interest which would outweigh the privacy interests of the third party individuals about whom Plaintiff requested information from DEA's investigative files.  Decl. ¶ 25.  A prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest.  See, e.g., Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996).  Furthermore, the Supreme Court has stated that "the public interest in the release of any rap sheet on [a third party] that may exist is not the type of interest protected by the FOIA."  United States Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 778-781 (1989).  In short, no public interest would counterbalance the protected individuals' privacy rights in the information withheld under this exemption.  Because Plaintiff provided DEA with no authorizations or consents to release this otherwise protected material, nor has he provided proof of death regarding any individual, the privacy interests of those individuals clearly outweigh any potential public interest, and

-12-

disclosure in this case would be an unwarranted invasion of their personal privacy.

**B.     The Requested Information Was Also Undisclosable Under Exemption 6, 7(D) and 7(F).**

DEA's response also stated that it neither confirmed nor denied the existence of responsive records in order to protect the privacy interests of the individuals, pursuant to FOIA Exemption (b)(6), which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). As stated above, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protected privacy interests in their anonymity. See Computer Professionals for Social Responsibility, 72 F.3d at 904; Farese, 683 F. Supp. at 275. Additionally, "the public interest in the release of any rap sheet on [a third party] that may exist is not the type of interest protected by the FOIA." United States Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. at 778-781. Such records fall squarely into the category of "merely records that the Government happens to be storing." Id. at 780. On balance, DEA determined that the substantial privacy interests of these third party individuals outweighed any minimal public interest which possibly could be served by any information's release. See Decl. ¶¶ 17, 23, 25, Exh. B. Consequently, the release of any information would have been "clearly unwarranted," and thus, the requested information was also undisclosable under FOIA Exemption 6. See Decl. ¶ 25; see also 5 U.S.C. § 552(b)(6).

Additionally, Exemption 7(D) of the FOIA exempts from mandatory disclosure records or information compiled for law enforcement purposes if the disclosure:

could reasonably be expected to disclose the identity of a confidential source,

-13-

> including a State, local, or foreign agency or authority or any private
> institution which furnished information on a confidential basis, and, in the
> case of a record or information compiled by a criminal law enforcement
> authority in the course of a criminal investigation or by an agency conducting
> a lawful national security intelligence investigation, information furnished by
> a confidential source.

5 U.S.C. § 552 (b)(7)(D).  Exemption 7(D)'s "paramount objective" "is to keep open the

Government's channels of confidential information."  Birch v. United States Postal Serv., 803

F.2d 1206, 1212 (D.C. Cir. 1986).[5]  As the Court of Appeals has noted, the crime of drug

trafficking is inherently dangerous, and individuals supplying information about such crimes

generally should be entitled to an implied grant of confidentiality.  Mays v. DEA, 234 F.3d 1324

(D.C. Cir. 2000).  "The mere fact that a confidential informant has testified at trial does not

waive Exemption 7(D) protection for the identity of the confidential source or information

furnished by that source."  Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F.Supp. 496,

501 (D.D.C. 1997), citing Parker, 934 F.2d at 379-80.  In this case, although the DEA did not

specifically claim Exemption 7(D) when it responded to Plaintiff's request, the DEA routinely

withholds information related to or provided by informants pursuant to this Exemption.  See

Decl. ¶ 17.  DEA applies Exemption 7(D) in order to protect information provided by, or which

would disclose the identity of, a confidential source, and to protect the health and safety of

---

[5]  The term "confidential source" is very broad.  See, e.g., Gula v. Meese, 699 F. Supp.
956, 960 (D.D.C. 1988) (crime victims); Putnam v. United States Dep't of Justice, 873 F.Supp.
705, 716 (D.D.C. 1995) (medical personnel).  Moreover, the term "confidential" signifies that the
information was provided in confidence or in trust, with the assurance that it would not be
disclosed to others.  Dow Jones & Co. v. Department of Justice, 917 F.2d 571, 575-76 (D.C. Cir.
1990).  As such, "the question is not whether the requested document is of the type that the
agency usually treats as confidential, but whether the particular source spoke with an
understanding that the communication would remain confidential."  United States Dep't of
Justice v. Landano, 508 U.S. 165, 172 (1993).

sources.  Id.  As previously stated, the fact that any of these third parties may have testified at

trial does not waive their protection under Exemption 7(D).  See Decl. ¶ 27.  Furthermore,

Plaintiff failed to provide any information that there has been a public disclosure regarding the

status of these individuals as sources of information, and Plaintiff appears to seek the information

for his personal use.  Id.  Thus, the DEA's response to Plaintiff's request in this case was proper

under Exemption 7(D).

Finally, Exemption 7(F) protects from mandatory disclosure information compiled for

law enforcement purposes if disclosure would reasonably be expected to endanger the life or

physical safety of any individual.  5 U.S.C. § 552(b)(7)(F).  This Exemption often applies to

information that is also subject to the protection of Exemption 7(C).  There is no balancing

required with the use of Exemption 7(F), and it is difficult to imagine any public interest that

could outweigh the safety of an individual.  Confidential sources approach and associate with

violators in a covert capacity.  See Decl. ¶ 30.  Many of those violators are armed and many have

known violent tendencies.  It has been the experience of DEA that discovery of the identities of

sources has, in the past, resulted in several instances of physical attacks, threats, harassment,

attempted murder and murder of sources and individuals connected to them.  Id.  It may,

therefore, be reasonably anticipated that sources and individuals associated with the source

would become targets of similar abuse if they were identified as participants in DEA enforcement

operations.  In this case, Plaintiff is a federal prisoner seeking information on third parties'

"cooperation agreements" during his trial in which he was convicted of aiding and abetting the

possession of crack cocaine with intent to distribute.  See United States v. Butler, 3 Fed. Appx.

264 (6th Cir. 2001).  The serious and potentially violent nature of such crimes coupled with

-15-

plaintiff's lengthy life sentence supports law enforcement's treatment of strict confidentiality for confidential informants, particularly where, as here, plaintiff was proven beyond a reasonable doubt to be a dangerous criminal.  Cf. Perrone v. FBI, 908 F. Supp. 24 (D.D.C. 1995) (upholding application of Exemption 7(F) in case involving a plaintiff who had been convicted of drug trafficking offenses).  Accordingly, DEA's response to Plaintiff's request for information concerning third parties connected to his investigation was appropriate and consistent with Exemption 7(F).

### III.    DEA Properly Responded To Plaintiff's Request.

Under the Privacy Act, 5 U.S.C. § 552a, and FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F), 5 U.S.C. § 552, the release of information requested by Plaintiff in this case was not required.  Therefore, DEA properly neither confirmed nor denied the existence of responsive records related to any individual listed in Plaintiff's request, and DEA neither confirmed nor denied that any individual listed in Plaintiff's request was a DEA informant.

As set forth in the Wassom Declaration, DEA employs such a response in instances where requests are received for information related to third parties, in order to protect the privacy interests of the individuals, pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), and to withhold information that would disclose the identity of and information provided by confidential sources pursuant to FOIA Exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(F).  See Decl. ¶¶ 15-19.  Merely confirming that an individual is mentioned in a DEA record system is a disclosure under the Privacy Act and, in and of itself, would constitute a violation of an individual's privacy or would disclose the status of an individual as a confidential source.  See Decl. ¶ 15.

-16-

DEA has found that to "neither confirm nor deny" provides the best protection to those individuals about whom records are sought by third-party FOIA requesters. <u>See</u> Decl. ¶ 17. The use of "neither confirm nor deny" is distinct from a "no record" response. DEA typically uses "no record" as a response where, in fact, a search has been undertaken and no records could be located based upon a requester's description of the record, the records requested are not "agency records," or the information falls within the FOIA (c)(1) or (c)(2) exclusions. <u>See</u> Decl. ¶ 18. DEA employs the "neither confirm nor deny" response to provide maximum protection for privacy, the safety, welfare and confidentiality of individuals, and not to mislead the requester. <u>See</u> Decl. ¶ 16. To admit that records exist would be a disclosure of information contained in a PA system of records or would disclose the status of an individual as a confidential source. To deny the existence of records, could be misleading or, in addition in the case of a confidential source, allow a requester to identify a source by narrowing the possible individuals that could have provided information. <u>See</u> Decl. ¶ 19. Therefore, because DEA properly invoked and justified its reliance on statutory exemptions under the Privacy Act and the FOIA, DEA properly responded to Plaintiff's request for records concerning third parties and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

_____For all the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment for Defendant. <u>See</u> Fed. R. Civ. P. 56(c).

-17-

Dated: November 28, 2005.

Respectfully submitted,

_/s/_____

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____

R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_/s/_____

MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530

-18-

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**PHILANDER BUTLER**
**#16665-076**
**U.S.P.- Pollock**
**Pollock, LA 71467**

on this 28th  day of November, 2005.


_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building, 10th Floor
Civil Division
555 4th Street, NW
Washington, D.C. 20530