# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Philander Butler | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1798 JDB |
| | ) | |
| Drug Enforcement Administration | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE

6. By letter dated February 18, 2005, the plaintiff requested information about four third parties, providing names and identifying information. The plaintiff specifically requested "criminal histories ( including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, . . . ." A copy of the plaintiff's letter dated January 15, 2002, is attached as Exhibit A.

7. By letter dated March 18, 2005, DEA neither confirmed nor denied the existence of any of the requested records, and informed the plaintiff that in order to receive information about third parties it was necessary for him to provide either proof of death or an original authorized notarized authorization (privacy waiver) from all individuals. DEA also informed the plaintiff that without proof of death or a privacy waiver, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal

-2-

privacy, and such records would be exempt pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C).

A copy of the DEA letter dated March 18, 2005, is attached as Exhibit B.

8. By letter dated March 24, 2005, the plaintiff appealed DEA's response, alleging that the third parties about whom he requested information had relinquished their privacy rights by testifying in open court. A copy of the plaintiff's letter dated March 24, 2005, is attached as Exhibit C.

9. By letter May 17, 2005, DEA acknowledged the plaintiff's appeal, informing him that it would be handled in approximate order of receipt. A copy of the OIP letter dated May 17, 2005, is attached as Exhibit D.

10. By letter dated August 1, 2005, OIP affirmed DEA's response, stating that without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an invasion of privacy under FOIA exemption (b)(7)(C). A copy of the OIP letter dated August 1, 2005, is attached as Exhibit E.

## SUMMARY OF ADMINISTRATIVE ACTION

11. Based upon the plaintiff's letter dated February 18, 2005, the letter was interpreted as a request for criminal investigatory records relating to third parties and records related to confidential sources.

-3-

12. All criminal investigatory information regarding individuals and investigatory information provided by confidential source is contained in investigative case files that are maintained in the DEA Investigative Reporting and Filing System ((IRFS), JUSTICE/DEA-008. Information regarding the identities of and details about DEA confidential sources is contained in confidential source files that are maintained in the DEA Operations Files, JUSTICE/DEA-011.

13. Both the Investigative Reporting and Filing System (IRFS), and the Operations Files, are Privacy Act Systems of Records. The Attorney General promulgated rules exempting the IRFS and the Operations Files from the access provisions of the PA, pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.98 (2004).

14. As Privacy Act Systems of Records, the conditions of disclosure are, in pertinent part, (1) pursuant to a written request by, or with the prior written consent of the individual about whom the records pertain, (2) unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or (3) pursuant to the order of a court of competent jurisdiction.

15. Merely confirming that an individual is mentioned is a disclosure under the Privacy Act and, in and of itself, would constitute a violation of an individual's privacy or would disclose the status of an individual as a confidential source.

16. When a request for records is received and no written authorization is enclosed or attached, DEA neither confirms nor denies the existence of responsive records related to any individual

listed in a request, and DEA neither confirms nor denies that any individual listed in a request is
a DEA confidential source.  DEA uses the "neither confirm nor deny" response to provide
maximum protection for privacy, the safety, welfare and confidentiality of individuals, and not to
mislead the requester.

17. DEA employs the "neither confirm or deny" response in instances where requests are
received for information related to third parties in order to protect the privacy interests of the
individuals, pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).  In addition to Exemptions (b)(6)
and (b)(7)(C), FOIA Exemptions (b)(7)(C), (b)(7)(D) and (b)(7)(F) are used to protect
information provided by or would disclosed the identity of a confidential source, and to protect
the health and safety of sources.

18.  The use of "neither confirm nor deny" is distinct from a "no record" response.  DEA
typically uses "no record" as a response where, in fact, a search has been undertaken and no
records could be located based upon a requester's description of the record, the records requested
are not "agency records," or the information falls within the FOIA (c)(1) or (c)(2) exclusions.

19.  To admit that records exist would be a disclosure of information contained in a PA system of
records or would disclose the status of an individual as a confidential source.  To deny the
existence of records, could be misleading or, in addition in the case of a confidential source,
allow a requester to identify a source by narrowing the possible individuals that could have
provided information.

-5-

20. Under the FOIA, release is not required, pursuant to FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F), the plaintiff has failed to provide, in accordance with the Privacy Act and 28 CFR § 16.3, a written release or proof of death, and no order from a court of competent jurisdiction has been received by DEA.

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)

### Exemption (b)(7) Threshold

21. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

22. Any records deemed responsive to the plaintiff's FOIA request would be criminal investigative records.

### Exemption (b)(7)(C) - Invasion of Privacy

23. The FOIA, 5 U.S.C. § 552 (b)(6) and (b)(7)(C), set forth an exemption for records related third-parties and information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The documents found in IRFS and the Operations Files relate to and contain the names and other

-6-

identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity. The release of such information can have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn.

24. In making the determination to withhold this information, the individuals' privacy interests are balanced against any discernible public interest in disclosure. The public interest in disclosure of information is determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and Controlled Substance Act, and/or how DEA conducts its internal operations and investigations.

25. In this instance, the plaintiff provided nothing to show any public interest for which any potential public interest would outweigh the privacy interests of any individual. Thus, it was determined that there was no legitimate public interest that would overcome the privacy interests protected by Exemption (b)(6) or (7)(C), and release of any information about a third party would constitute an unwarranted invasion of that third party's personal privacy.

## Confidential Sources and Information Obtained from Confidential Sources

### Exemption (b)(7)(D)

26. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

-7-

27. Although there is no balancing act to employ, Exemption (b)(7)(D) is based upon a privilege. This privilege has not been waived and, simply because individuals testify in court, does not constitute a waiver. The plaintiff failed to provide any information that there was a public disclosure regarding the status of the individuals as sources of information. The plaintiff appears to seek the information for his personal use.

28. Finally, DEA will not acknowledge the status of any or all of the individuals and allow the plaintiff to uncover the identity of a confidential source, even if there was an individual who assisted the Government by providing information in the course of the investigation or prosecution of the plaintiff.

## SAFETY OF INDIVIDUAL

29. The FOIA, 5 U.S.C. § 552 (b)(7)(F), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual.

30. Confidential sources approach and associate with violators in a covert capacity. Many of those violators are armed and many have known violent tendencies. It has been the experience of DEA that discovery of the identities of sources has, in the past, resulted in several instances of physical attacks, threats, harassment, attempted murder and murder of sources and individuals connected to them. It may, therefore, be reasonably anticipated that sources and individuals

associated with the source would become targets of similar abuse if they were identified as participants in DEA enforcement operations.

31. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

11-28-05
Date

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

-9-

# Exhibit A

# FREEDOM OF INFORMATION ACT REQUEST

Date: **2/18/05**

Name of Agency: **U.S. Department of Justice**

Address: **Drug Enforcement Administration**

City/State/Zip: **Washington, D.C. 20537**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information: **Reginald Wide, SSN: 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; DOB: 1/28/1970; RNI#: 120491, Clarence Edward Alexander Jr., SSN: 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; DOB: 8/9/1973; RNI#: 187240, Fredrick Wicks, SSN: 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; DOB: 9/30/1962; RNI#: 42349, Andre J. Johnson, DOB: 1/23/1971; Case Nos. 94-CR-20179-2, 94-CR-20256, 96-CR-61, criminal histories (including records of all arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, and a list of sentence reductions pursuant to 5kl.1 and Rule 35(b), as well as, their cooperations (See Attachment)**

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

**I, Philander Butler, swear under the penalty of perjury (pursuant to 28 U.S.C. §1746) that the foregoing is true and correct to the best of my knowledge. Executed on:**

Sincerely Requested,

*Philander Butler*
(Name)

**2/18/05**
**(date)**

*Philander Butler*
**(Affiant)**

| 16665-076 | B-1 |
| --- | --- |
| ID Number | (Unit) |

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

with other agencies, all records of instances where the DEA or other agencies intervened on their behalf to assist them in avoiding criminal prosecution, and all records of administrative, sanctions imposed on them for dishonesty, false claims, or other deceit, The reason being is because these individuals testified in my trial, case no. 99-20009, for the government. See <u>Bennett v. Drug Enforcement Admin.</u>, 55 F.Supp.2d 36,38 (D.D.C. 1999) *The government committed misconduct by allowing them to committ perjury, knowing that they were committing perjury. Thus, I need such information for confirmation of prosecutorial misconduct.*

# Exhibit B



**U.S. Department of Justice**

Drug Enforcement Administration

---

*Washington, D.C. 20537*

Request Number:     05-0619-F                                    MAR 1 2005

Subject of Request:     Information On Several Third Parties

Philander Butler
Reg. #16665-076
United States Penitentiary – Pollock
P.O. Box 2099
Pollock, LA 71467

Dear Philander Butler:

Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records. Before the DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from all indivduals.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,


Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# Exhibit C

rec'd 5-5-05

05 0696  F O I A

**FOIA/PRIVACY ACT APPEAL LETTER**

FOIA
(A)
DEA

**TO:** Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

OFFICE OF INFORMATION
AND PRIVACY

MAY 05 2005

**FROM:** Philander Butler #16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock, LA. 71467

RECEIVED

Date: March 24,2005

RE: Freedom of Information Request Number 05-0619-F

This is an appeal under the Freedom of Information Act **and/or** Privacy Act contained in 5 U.S.C. §552 **and/or** 552a based upon the denial of requested records from your agency.

On February 18,2005, I sent a notarized letter to U.S. Department of Justice, Drug Enforcement Administration "DEA" requesting information on several third parties pertaining to their criminal records, cooperation agreements with the DEA and other agencies, as well as, their cooperation agreements during my trial in Case No. 99-20009, because these third parties actually testified and relinquished any privacy rights by testifying in open court. (See Exhibit 1)

I received my response on March 18,2005, alleging that such records are exempt from disclosure pursuant to Exemptions (b)(6) **and/or** (b)(7)(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552. (See Exhibit 2)

I wish to appeal the decision of the requested records on the following grounds:

(1) Disclosure, not secrecy, is the dominant objective of Freedom of Information Act (FOIA). 5 U.S.C. §552; **Bennett v. Drug Enforcement Admin.,** 55 F.Supp.2d 36,39 (D.D.C. 1999)

(2) I need the requested information to uncover DEA and

prosecutorial misconduct in relation to Wide, Alexander Jr., Wicks, and Johnson. (See Exhibit 1) **Bennett, 55 F.Supp.2d at 41.**

(3) Each one of these witnesses committed perjury by either lying that he had no criminal records, or by lying that he never worked as informants for the goverment before, and the DEA and prosecution allowed such testimonies to go uncorrected during my trial in Case No. 99-20009, knowing it to be false, and suppressed **Brady** materials prior to and after my trial in violation of my Due Process and Sixth Amendment Rights to confront my accusers.

(4) Wide was allowed to testify falsely that, "he had three prior convictions, and hoped to receive leniency for his testimony during my trial on May 5,1999."I submit that Wide has over thirty (30) felony and misdemeanor convictions, and had a expectation of leniency on two pending felony charges of theft of property over $500 t/w: auto theft, and violation of parole which the prosecution suppressed, and Wide still received a 5k1.1 Motion for committing perjury on July 14,1999. (See Exhibit 3)

(5) Alexander Jr. testified that, he had no criminal convictions, and was paid $1600 for his testimony and involvement as a CI." I submit that Alexander Jr. has over five(5) felony and misdemeanor convictions, and had been an informant for the past three (3) years before my trial on May 5,1999, inwhich, he received additional payments as a CI. Alexander Jr. was allowed to commit perjury about his prior investigations as a CI and criminal convictions, knowing it to be false by the DEA and prosecution, who suppressed **Brady** materials prior to and after my trial, and still paid Alexander $1600 for his testimony and cooperation. (See Exhibits 4 and 5)

(6) Wicks testified that he has never worked as a government informant before during my trial on May 5,1999. I submit that Wicks committed perjury because he began cooperation with the government in 1994-present in Case No. 94-20180, and the government and DEA allowed Wicks false testimony to go uncorrected knowing it to be false, and suppressed **Brady** materials as to Wicks criminal records and history as an informant prior to and after my trial, and the prosecution still granted Wicks a Rule 35(b) Motion for a sentence reduction on August 31,1999. Also, Mr. Wicks has out-of-state convictions in the State of Florida that was suppressed by the prosecution. (See Exhibits 6)

(7) Johnson never mentioned any of his prior cooperations as an informant during my trial, inwhich, Johnson has been cooperating as an informant since 1994-present. I submit that Johnson has been working for the DEA, FBI, and the Western District of Tn. Attorney's Office in Case Nos. 94-CR-20179-2, 94-CR-20256, 96-CR-61, and other unknown criminal investigations, and the prosecution and DEA suppressed **Brady** materials pertaining to Johnson prior to and after my trial on May 5,1999, and the prosecution still granted Johnson an amended sentence reduction on July 30,1999. Also, Johnson has out-of-state convictions in the State of Mississippi, and a history of lying to the authorities that was suppressed by the prosecutions. (See Exhibits 7,8, and 9)

(8) I wish to expose the alleged activities of the prosecution and DEA, and their informants' (Wide, Alexander Jr., Wicks, and Johnson).

(9) The withholding of Wide, Alexander Jr., Wicks, and Johnson's criminal records was improper, because although there

is a privacy interest against disclosing such criminal "rap sheets", the privacy interest is outweighed by the great public interest in shedding light on the activities of the prosecution and DEA, which employed them and paid them substantially despite their criminal records and perjuried testimonies. **Bennett**, 55 **F.Supp.2d at 41-41.**

(10) The Court of Appeals has held that when the government misconduct is allegely to justify disclosure, the public interest is insubstantial without compelling evidence that the agency is involved in illegal activity, and that the information sought is necessary to confirm or refute that evidence. **Quinon v. FBi, 86 F.3d 1222,1231 (D.C. Cir. 1996)**

(11) This public interest can only be served by the full disclosure of Wide, Alexander Jr., Wicks, and Johnson's rap-sheets and cooperation agreements about which they frequently testified, although not truthfully during my trial in open court. **Bennett**, 55 **F.Supp.2d at 42.**

(12) The withholding of Wide, Alexander Jr., Wicks, and Johnson's prior cooperations as informants, CI's, etc., and cooperation agreements during my trial was also improper.

(13) Wide, Alexander Jr., Wicks, and Johnson waived their privacy concerns by testifying in open court about some of payments they received from the prosecution, or for some past cooperations with the DEA.

(14) Alexander Jr., Wicks, and Johnson are not the usual government informants. They have been cooperating with the DEA, FBI, Memphis Police Department "MPD", Organized Crime Unit "OCU", and the Western District of Tn. Attorney's Office for the past

ten years and have made a career out of serving as government informants, and if my allegations are true, which they are, they have earned a substantial amount of money and sentence reductions even though they have committed perjury in the past.

(15) Thus, by choosing to "work" as regular government informants, and by testifying about their activities and "earnings" in open court, Wide, Alexander Jr., Wicks, and Johnson has chosen to give up their personal privacy interests to this information. **Bennett,** 55 F.Supp.2d at 42

(16) I am entitled to the information sought even if the privacy interest require redactions of the records except for the dates and payment amounts.

I look forward to your response to this appeal.

Respectfully Submitted

*Philander Butler*
Requesting Party

**NOTARIZATION**

I, **Philander Butler,** hereby solemnly swear under the penalty of perjury (pursuant to 28 U.S.C. §1746) that the foregoing is true and accurate to the best of my knowledge. Executed on:

3/24/05
(date)

*Philander Butler*
(Signature of Requester)

# Exhibit D





**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 1 7 2005**

Mr. Philander Butler
Register No. 16665-076
USP Pollock
P.O. Box 2099
Pollock, LA 71467

     Re:  Request No. 05-0619-F

Dear Mr. Butler:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on May 5, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-1696**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff



# Exhibit E



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

AUG 0 1 2005

Mr. Philander Butler
Register No. 16665-076
United States Penitentiary          Re:  Appeal No. 05-1696
Post Office Box 2099                     Request No. 05-0619-F
Pollock, LA  71467                       RLH:NSQ:GLB

Dear Mr. Butler:

You appealed from the action of the Drug Enforcement Administration on your request for access to records concerning several third parties.

After carefully considering your appeal, I have decided to affirm the action of the DEA in refusing to confirm or deny the existence of the records you requested. Without an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

DEA