Philander Butler, Pro-Se
Reg. No. 16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock, LA. 71467

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILANDER BUTLER | ) | CIVIL ACTION NO.05-1798(JDB) |
| Plaintiff, | ) | |
| | ) | OPPOSITION TO DEFENDANTS' |
| | ) | MOTION FOR SUMMARY JUDGMENT; |
| v. | ) | DECLARATION OF PHILANDER BUTLER; |
| | ) | EXHIBITS |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| Defendants. | ) | |

RECEIVED

DEC 1 9 2005

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| Table of Authorities | | ii |
| PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT | | 3 |
| I. | STATEMENT OF THE CASE | 3 |
| IA. | ADEQUACY OF THE SEARCH | 3 |
| II. | FACTS | 4 |
| III. | REASONS FOR REQUESTED INFORMATION | 7 |
| IV. | DISCLOSURE IS APPROPRIATE | 8 |
| V. | CRIMINAL HISTORIES | 10 |
| VI. | PRIOR TESTIMONIES | 11 |
| VII. | MONEY PAID TO CLARENCE EDWARD ALEXANDER JR. AND SENTENCE REDUCTIONS PURSUANT TO 5K1.1 AND 35(b) MOTIONS GIVEN TO WIDE, WICKS, AND JOHNSON | 13 |
| VIII. | REQUEST FOR CLARENCE EDWARD ALEXANDER JR. AND ANDRE J. JOHNSON'S HISTORY OF UNRELIABILITY AND DOCUMENTATION OF ANY ADMINISTRATIVE SANCTIONS | 16 |
| IX. | CONCLUSION | 17 |
| DECLARATION OF PHILANDER BUTLER | | 19 |
| CERTIFICATE OF SERVICE | | |
| EXHIBITS 1-30 | | |

i.

TABLE OF AUTHORITIES

Page

Cases

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)                                                9

Beck v. Department of Justice,
    997 F.2d 1489 (D.C. Cir. 1993)                                     8

Bennett v. Drug Enforcement Admin.,
    55 F. Supp.2d 36, 39 (D.C. Cir. 1999)                              passim

Celotex Corp. v. Carrett,
    477 U.S. 317 (1986)                                                9

Committee on Masonic Homes v. NLRB,
    556 F.2d 214 (3rd Cir. 1977)                                       8

Crivens v. Roth,
    172 F.3d 991 (7th Cir. 1999)                                       17

Davis v. Department of Justice,
    968 F.2d 1276 (D.C. 1992)                                          11

Department of Justice v. Reporters' Committee for
Freedom of the Press,
    489 U.S. 749 (1989)                                                8, 10

Lame v. Department of Justice,
    767 F.2d 66 (3rd Cir. 1985)                                        9

Manna v. Department of Justice,
    51 F.3d 1158 (3rd Cir. 1995),
    cert denied, 516 U.S. 975 (1995)                                   13

Military Audit Project v. Casey,
    656 F.2d 724 (D.C. Cir. 1981)

Miller v. Casey,
    730 F.2d 773 (D.C. Cir. 1984)                                      9

Napue v. Illinois,
    360 U.S. 264 (1959)                                                7

NLRB v. Sears Roebuck and Co.,
    421 U.S. 132 (1975)                                                8

NLRB v. Robbins Tire and Rubber Co.,
    437 U.S. 214 (1978)                                                8, 9

TABLE OF AUTHORITIES
(Continued)

|  | Page |
|---|---|
| Quinon v. FBI,<br>     86 F.3d 1222 (D.C. Cir. 1996) | 8 |
| Ray v. Turner,<br>     587 F.2d 1187 (D.C. Cir. 1978) | 9 |
| United States v. Bernal-Obeso,<br>     989 F.2d 331 (9th Cir. 1993) | 6, 16 |
| United States v. Duke,<br>     50 F.3d 571 (8th Cir.1995),<br>     cert. denied, 516 U.S. 885 (1995) | 6, 8 |
| Wardlaw v. Pickett,<br>     1 F.3d 1297 (D.C. Cir. 1993),<br>     cert denied, 512 U.S. 1204 (1994) | 9 |

Rules

Fed.R.Civ.P. 56

iii.

Philander Butler PRO-SE
Reg. No. 16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock,LA., 71467

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILANDER BUTLER,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-1798(JDB)<br><br>OPPOSITION TO DEFENDANTS'<br>MOTION FOR SUMMARY JUDGEMENT;<br>DECLARATION OF PHILANDER<br>BUTLER; EXHIBITS |

COMES NOW the plaintiff, Philander Butler, and opposes the

Defendants' Motion for Summary Judgement. Said opposition is

1

based upon the attached Memorandum of Points and Authorities, declaration of Philander Butler, exhibits, and such material as may be presented at the hearing on the motion herein, should the Court so order.

Respectfully submitted,

DATED: December __12__, 2005

*Philander Butler*
Philander Butler Pro-Se

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO

DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

I.

STATEMENT OF THE CASE

Defendants accurately set out the facts not materially in dispute at pages 1-2 of their motion, with two exception. First, on August 3,2005, prior to receiving Freedom of Information/Privacy Act Appeal denial, on August 1,2005, Plaintiff filed a "Motion to Expand the Record" with newly discovered evidence. (See Exhibit 1). Second, the defendants' failed to make a diligent search for appropriate responsive materials. (See Defendant's Brief, p. 2); **Bennett v. Drug Enforcement Admin.**, 55 **F. Supp.2d 36,39 (D.D.C. 1999)**(Adequacy of Search)

A. ADEQUACY OF THE SEARCH

DEA submitted the affidavit of Leila I. Wassom, Acting Chief of the Litigation Unit of the Freedom of Information Section at DEA, who explained the procedure by which the responsive records are located. Mrs Wassom merely stated that "when a request for records is received and no written authorization is enclosed or attached, DEA neither confirms or denies the existence of responsive records related to any individual listed in a request, and DEA neither confirms or denies that any individual listed in a request is a DEA confidential source. DEA uses "neither confirm nor deny" response to provide maximum protection for privacy, and safety, welfare and confidentiality of individuals, and not to mislead the requester." (Affidavit of Wassom, ¶ 16) An Affidavit must give reasonable detail of the search in order to satisfy the

3

agency's burden of proof; simply stating that "when a request for records is received and no written authorization is enclosed or attached, DEA neither confirms or denies the existence of responsive records" is insufficient, DEA has thus not met it's burden of proving that its search for this particular type of records was reasonable. Compare; **Bennett**, 55 **F.Supp.2d** at 40.

## II.

### FACTS

At issue here is information and documents related to longtime Drug Enforcement Administration ["DEA"] informants Reginald Wide, Clarence Edward Alexander Jr., Fredrick Wicks, and Andre J. Johnson. (See Exhibit 2) Reginald Wide was a alleged co-defendant of Plaintiff in **Case No. 99-20009 (W.D. TN.)**; (See Attached Declaration of Butler, ¶ 2)

> Reginald Wide testified for the prosecution in exchange for a sentence reduction pursuant to 5K1.1 motion, and testified that he only had two prior felony drug convictions and one receiving and concealing stolen property. (Wide, T.T., pp. 50-51) Wide committed perjury and lied to the Court and jury, about his criminal records and the full extent of his plea agreement. Wide has over 30 felony and misdemeanor convictions, and also received a reduction on a pending felony charge of theft of property over $1,000, and a parole violation. (Exhibits 3 and 4) The prosecution never disclosed Wide's criminal convictions or plea agreement to test the truth and accuracy of his testimony, and allowed Wide to commit perjury knowing it to be such. (Exhibit 5, Discovery Motions 1 and 2); (See Attached Declaration of Butler, ¶ 3-4)

> Alexander Jr. was the informant who set the deal and delivery with Wide. Alexander testified for the prosecution that he received $1,600 for his cooperation and up to $3,500 for his cooperation in other cases. In addition, Alexander Jr. testified that he had no felony convictions. He has participated in numerous cases since 1991 or 1992. (Alexander Jr., T.T., pp. 114-15, 123) Alexander Jr. committed perjury and lied to the court and jury because he has over

two felony convictions and three misdemeanor
convictions. (Exhibit 6)(Exhibit 7) Also,
Alexander Jr. committed perjury about negotiating
the deal and delivery with Plaintiff when he knew
for sure he negotiated a deal and delivery with
Wide. (Exhibit 8 and 9) Finally, the prosecution
never disclosed Alexander Jr.'s criminal convictions
or the names of cases he testified in or the actual
money he was paid in the past to test the truth and
accuracy of his testimony and allowed Alexander to
commit perjury knowing it to such. (See Attached
Declaration of Butler 3-4)

Indeed, in **United States v. Antonious Davis**, 98-20054-TU

**(W.D. TN.)**, Mr. Davis challenged the substance that he sold to

Alexander Jr. as powder cocaine, instead, of crack cocaine as

Alexander Jr. allged. (See Exhibits 10 and 11)

Fredrick Wicks (jailhouse informant) testified that
Plaintiff confessed to him that he gave the drugs to
Wide to sell, and tried to get witnesses to lie and
say the drugs belonged to Wide. (Wicks, T.T., pp.
351-354) Wicks also testified that he had convictions
for two prior drug charges, with a lot of receiving
and concealing, and driver's license charges, and
that he had never served as an informant for the
government. (Wicks, T.T., pp. 354, 360) Wicks
committed perjury and lied to the court and jury
because Wicks has cooperated in over thirty cases,
and used his wife, Tara Wicks, to assist him and
the government in setting up drug buys. His deceit
history is well documented, as is his continued
employment by DEA, despite his known lies and deceit.
(See Attached Declaration of Butler.)(Exhibits 12-18)
The prosecution never disclosed Wicks criminal
convictions or prior cooperations with the government
to test the truth and accuracy of his testimony
and allow Wicks to commit perjury knowing it to be
such. (See Attached Declaration of Butler, ¶ 3-4)

Johnson (jailhouse informant) testified for the
prosecution that plaintiff confessed to him and asked
him to lie and say the drugs belonged to Wide.
Johnson, T.T., pp. 397-400) Johnson also testified
that he was serving ten years for a drug conspiracy
and that he had a drug conviction in th e State of
Mississippi. (Johnson, T.T., pp. 395-396) Johnson
committed perjury and/or mislead the jury and the
court because Johnson was also serving a 262 month
consecutive sentence in Mississippi. Likewise,
Johnson failed to mention that he had cooperated

in over ten cases in the past. His deceit history
is well-documented, as is his continued employment
by DEA, despite his known lies and deceit. Also, the
prosecution failed to disclose Johnson's criminal
records and prior cooperation agreements with the
government to test the truth and accuracy of his
testimony and allowed Johnson to commit perjury
knowing it to be such. (See Attached Declaration of
Butler, ¶ 3-4)(See Exhibits 19-25)

This is unfortunately not the first case we have seen where the government has failed to successfully complete a routine background check. Such carelessness is unacceptable, particularly in light of the technological advances which make record retrieval readily accessible. We strongly condemn the government's haphazard approach to its own trial preparation and its duty to serve and facilitate the truth-finding function of the courts. See United States v. Bernal-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1993)("A prosecutor who does not appreciate the perals of using rewarded criminals as witnesses risks compromising the truth-seeking mission of our criminal justice system. Because the government decides whether and when to use such witnesses, and what, if anything to give them for their services, the government stands uniquely positioned to guard against perfidy. By it's actions, the government can neither contribute to or eliminate the problems.")(citions omitted) See also; United States v. Duke, 50 F.3d 571, 578 (8th Cir. 1995) cert. denied, 516 U.S. 885(1995). During Johnson's testimony and cooperation in the McDonald's conspiracy, Case No. 94-20256 (W.D. TN.), Johnson "admitted" that he is a known perjurer and that he lied on affidavits so his lawyer could represent him, was a drug dealer and robber; would kill somebody for $100,000; testified in a death penalty case

6

against **Tony Carruthers and James Montgomery v. State of TN.,**
**94-027979 (30th Judicial District, Shelby County, TN.);** admitted
lying September 24,1994, when he was arrested by giving the false
name of "Octavious Guy" and by using a false driver's license;
purchased his house and lot in the false name "Robert Boyland" and
told another lie to officers when he said he didn't own the house.
(<u>See</u> Exhibit 21, Curtis McDonald Affidavit)(Exhibit 24, Johnson's
Testimony and Cooperation in McDonald's Trial, pp. 2395-2420)

III.

## REASONS FOR THE REQUESTED INFORMATION

The Defendants alleged that Plaintiff wants to obtain such
information for his own personal interest because it was disclosed
in open court. (<u>See</u> Defendant's Brief, pp. 11-13)

Plaintiff on the other hand, has learned that Wide, Alexander
Jr., Wicks, and Johnson committed perjury and the prosecution and
DEA committed misconduct for allowing such perjuries to go
uncorrected, knowing it to be such. (<u>See</u> Attached Declaration of
Butler, ¶¶ 8-10). **Napue v. Illinois, 360 U.S. 264, 269(1959)**

Plaintiff seeks the requested information to flatly expose
significant wrongdoing by the prosecution and/or DEA. Alexander
Jr. has been paid a considerable amount of public money since 1991
or 1992. Wicks and Johnson have been cooperating with the DEA
since 1994, and Wide received considerable benefits even though he
testified falsely. Wide, Alexander Jr., Wicks, and Johnson
committed perjury in open court before the court and jury; yet
remains to this day in the employment of the DEA. Wide, Alexander
Jr., Wicks and Johnson have committed multiple crimes as recently
as 1986, yet remains star DEA informants and witnesses.

7

Plaintiff not only seeks information that happens to be related to his own case. Rather, he seeks general information about four controversial informnats. Wide, Alexander Jr., WIck's and Johnson has constantly lied, and "compromised the truth seeking mission of our criminal justice system."Compare; **United States v. Duke**, supra, at p. 578, n. 4.; **Bennett**, 55 F. Supp.2d at 42. ("The Court of Appeals held that when government misconduct is alleged to justify disclosure, the public interest is insubstantial without compelling evidence that the agency is involved in illegal activity, and that the information sought is necessary to confirm or refute that evidence.") Quoting **Quinon v. FBI**, 86 F.3d 1222, 1231 (D.C. Cir. 1996)

The Purpose of the FOIA is, in large part, to "shed light on an agency's performance of its statutory duites." **Department of Justice v. Reporters' Committee for Freedom of Press**, 489 U.S. 749, 772(1989); **Beck v. Department of Justice**, 997 F.2d 1489 (D.C. Cir. 1993). Plaintiff seeks the requested information for precisely this purpose.

## IV.

### DISCLOSURE IS APPROPRIATE

Analysis under the FOIA begins with the general presumption that all records and files of an agency are open and available to anyone. **NLRB v. Ribbons Tire and Rubber Co.**, 437 U.S. 214, 221(1978). "There is well known presumption in favor of disclosure." **Committee on Masonic Homes v. NLRB**, 556 F.2d 214, 218 (3rd Cir. 1977), citing **Dept. of the Air Force v. Rose**, 425 U.S. 352, 361-62(1976); **NRLB v. Sears Roebuck and Co.**, 421 U.S. 132, 143(9175).

The burden in justifying the withholding of requested

information is placed on the agency in possession of the records. 5 U.S.C. § 552(a)(4)(B); **Miller v. Casey**, 656 F.2d 724, 738 (D.C. Cir. 1981); **Ray v. Turner**, 587 F.2d 1187, 1194 (D.C. Cir. 1978). In order to carry its burden, an agency must prove that the documents are withheld according to one of the narrowly drawn exceptions to the act. The exceptions "are explicit made exclusive... and must be narrowly constructed." **Rose**, 425 U.S. at 361. If the burden is not met, the presumption in favor of disclosure remains, and the documents must "be made available... to any member of the general public." **Robbin**, 437 U.S. at 221.

As movant, the government is responsible for giving notice of all grounds for its demonstrating the absence of any factual dispute. **Celatex Corp. v. Cartrett**, 477 U.S. 317(1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 255(1986). Moreover, this Court must view all facts and inferences in the light most favorable to Plaintiff when determining whether the summary judgement evidence raises a genuine issue of material fact, resolving all doubts in his favor. **Wardlaw v. Pickett**, 1 F.3d 1297, 1299 (D.C. Cir. 1993), cert. denied, 513 U.S. 1204(1994).

This Court is prevented from weighing evidence, assessing credibility, or even determining the most reasonable inference to be drawn from it -- for that falls within the province of the fact-finder. **Anderson**, 477 U.S. at 247, 255. In short, summary judgement is inappropriate of the evidence before this Court, viewed as a whole, could lead to different factual findings and conclusions. Id.

In FOIA litigation, "summary judgement itself takes on a unique configuration." **Lame v. Department of Justice**, 767 F.2d

9

66, 70 (3rd Cir. 1985). Unlike other summary judgement motions under Fed.R.Civ.P. 56, and because the government possesses a uniquely disproportionate amount of the evidence, it is axiomatic that the agency bears the burden of justifying its decision to withhold information.

V.

### CRIMINAL HISTORIES

The criminal histories of Wide, Alexander Jr., Wicks, and Johnson is critical to expose the lies and perjury they have spread across courtrooms since the early 1990's. Cases such as **Butler v. United States**, Case No. 99-20009 (W.D. TN.) and **McDonald v. United States**, Case No. 94-20256 (W.D. TN.) and **Davis v. United States**, Case No. 98-20054-TU (W.D. TN.) and **Tony Carruthers and James Montgomery v. State of TN.**, 94-027979 (30th Judicial District, Shelby County, TN.), focused on repeated lies by Wide, Alexander Jr., Wicks, and Johnson about their substantial criminal histories. Indeed, Alexander Jr. lied in court about his criminal history (that he has none), Wide lied in court that he only had two drug convictions, and one receiving property, Wicks and Johnson never mentioned the full extent of their criminal histories in Plaintiff's **Criminal Case No. 99-20009 (W.D. TN.)**

Wide, Alexander Jr., Wicks, and Johnson's true criminal history, as best Plaintiff can determine it, is set forth in (Exhibits 3, 6, 18 and 19).

Plaintiff agrees that rap sheets or criminal histories are not generally subject to release under the FOIA. **Department of Justice v. Reporters' Committee for Freedom of the Press**, supra.. This is because individuals are entitled to privacy, and because

rap sheets "would shed no light on  the activities of government agencies or officials." **Id. at p. 780.**

Wide, Alexander Jr., Wicks, and Johnson, however, presents a different picture. Their criminal histories would shed light on the activities of the prosecution and/or DEA in employing them. The prosecution and/or DEA"S knowledge of Wide, Alexander Jr., Wicks, and Johnson's substantial criminal histories, yet continued employment, considerable payments and constant sentence reductions pursuant to 5K1.1 and 35(b) motions precisely the point of the FOIA: to monitor the activities of government agencies, and expose actions that are wrong. Compare; **Bennett, 55 F. Supp.2d at** 41-42.

<div align="center">VI.</div>

<div align="center">PRIOR TESTIMONIES</div>

Without doubt, the defendant's least defensible position is in regard to Wide, Alexander Jr., Wicks, and Johnsons' prior testimonies. Plaintiff simply seeks documents indicating where and when Wide, Alexander Jr., Wicks, and Johnson has testified in the past, such testimony is already in the public domain*, by definition.

Initially, Plaintiff notes that in the declaration of Leila I. Wassom attached to defendant's motion, the declarant fails to indicate that she made any efforts at all to determine whether Wide, Alexander Jr., Wicks, or Johnson had testified in each office/district she contacted, or whether any documentation existed regarding such testimonies. (Wassom Decl. ¶¶ 27-28)

---

\* In cases where the requestor's argument is that withheld information is already in the public domain, the D.C. Circuit has held that the requestor carries the "burden of production" on that issue,    although ultimate burden of persuasion remains with the gocernemnt. **Davis v. Department of Justice,** 968 F.2d 1276, 1279 **(D.C. Cir. 1992)**

<div align="center">11</div>

Mrs. Wassom's declaration sets out the excuse the DEA will not acknowledge the status of any or all of the individuals and allow the Plaintiff to uncover the identity of a confidential source, even if there was an individual who assisted the government by providing information in the course of the investigation or prosecution of Plaintiff.

However, defendants cannot dispute the fact that the testimony in Court, at motions or trial, is " activity that pertains to criminal investigations." Without doubt, in each district where Wide, Alexander Jr., Wicks, and Johnson have testified, some type of document or writing exists memorializing, at the very least, that they took the stand.[2] While this may not have been compiled in a list, documents exist confirming their testimony. Plaintiff's original request sought those documents. See (Defendants' Motion, Exhibit "A"); Compare **Bennett, 55 F. Supp.2d at 42.**

Because the records themselves do not invade any type of privacy of Wide, Alexander Jr., Wicks, and Johnson or any third party, they are subject to release. It is also clear that such documents exist, and defendants have not diligently searched for them.

---

[2]    Wide, Alexander Jr. Wicks, and Johnson testified in open court in **Butler v. United States, 99-20009 (W.D. TN.)**, and Alexander Jr. testified that he had testified in other trials and received up to $3,500 for his testimony and/or cooperation. (Alexander Jr. T.T., pp. 114-115, 123) Andra Johnson testified in **McDonald v. United States, 94-20256 (W.D. TN.)**, and testified that he had testified in a death penalty case against **Tony Carruthers and James Montgomery, 94-027979 (30th Judicial District, Shelby County, TN.)** (Exhibit 25, p.2401) Wide admitted at his sentencing hearing in open court, that he testified against Plaintiff in order to receive a 5K1.1 motion, and Wicks testified at his sentencing hearing in open court that he testified and cooperated against Plaintiff and others for a 5K1.1 and 35(b) motion).

12

VII.

## MONEY PAID TO ALEXANDER JR. AND SENTENCE
## REDUCTION GIVEN TO WIDE, WICKS, AND JOHNSON

Defendant's decline to provide the material, however, citing exemption 7(C), 6, 7(D) and 7(F), and pointing to danger of agents, and confidential informants the compromising of other cases and general privacy concerns. See (Defendant's Motion, pp.  7-16)

Defendant's do not explain why it is that these documents cannot be redacted to delete names, addresses, and other identifying infromation. Leaving dollar amounts and dates paid, as well as, 5K1.1 motions and Rule 35(b) motions would fulfill the Plaintiff's request, and yet would resolve defendant's concerns. Compare; **Bennett**, 55 F. Supp.2d at 42. Such reduction constitutes a far lower threat of invasion of privacy. **Manna v. Department of Justice**, 51 F.3d 1158, 1169 (3rd. Cir. 1995), cert. denied, 516 U.S. 975(1995).

Further, payments and/or sentence reductions by the DEA and/or prosecution to Wide, Alexander Jr., Wicks, and Johnson have been further explored again and again in open courtrooms across the Western District of Tennessee.

1. **Tony Carruthers and James Montgomery**, 94-027979 (30th Judicial District, Shelby County, TN.) - Johnson was given a sentence reduction in his federal case for testifying in the State of TN. See (Exhibit 25, Johnson's Testimony and Cooperation in McDonald's Trial, pp. 2401-2402); (Exhibit 23, Johnson's Sentencing Transcript, pp. 4-5); and (Exhibit 24, Johnson's Resentencing Transcript, p. 8)

2. **Curtis McDonald, etc. v. United States**, 94-20256 (W.D. TN.), Johnson was given a 5K1.1 motion for testifying against

13

McDonald and nineteen others,and testified in open court that he had testified in **Carruthers and Montgomery, supra.** (death penalty case). See (Exhibit 23, Johnson's Sentencing Transcript, pp. 4-5); (Exhibit 22, McDonald's Affidavit); and (Exhibit 25, Johnson's Testimony and Cooperation in McDonald's Trial, pp. 2353-2354, 2401-2402)

3. **Holmes v. United States**, 94-20179 (W.D. TN), Johnson's case was dismissed due to his cooperation in **McDonald v. United States, supra.** See (exhibit 20, Holmes, Affidavit with Attached Docket Sheet)

4. **Daren Reese v. United States**, 97-20259-G (W.D. TN.), Johnson continued to cooperate in exchange for sentence reductions. See (exhibit 21, Reese Affidavit); and (Exhibit 24, Johnson's Resentencing Transcript, pp. 6-7)

5. **Keith Jennings v. United States**, 98-CR-20173 (W.D. TN.), Johnson continued to cooperate in exchange for a sentence reduction. See (Exhibit 24, Johnson's Resentence Transcript, pp/ 6-7)

6. **Kevin Webber v. United States**, 2001-cr-20182 (W.D. TN.), Johnson continued to cooperate in exchange for a sentence reduction. See (Exhibit 24, Johnson's Sentencing Transcript, p. 8)

7. **Butler v. United States**, 99-20009 (W.D. TN.), Johnson continued to cooperate for a sentence reduction and finally received his Rule 35(b) motion on July 30,1999for his continued cooperation in **Reese, Jennings, Webber,** and **Butler.** See (Exhibit 24, Johnson's Resentencing Transcript, pp. 6-18)

8. **Butler v. United States**, 99-20009 (W.D. TN.), Wide testified that he in open court hoped to receive a 5K1.1 motion for testifying and cooperating during Butler's trial. See (Wide,

T.T., pp. 50-51)

9. **Butler v. United States**, 99-20009 **(W.D. TN.)**, Alexander Jr. testified in open court that he receives $1,600 and up to $3,500 for his testimony and cooperation in other cases. See (Alexander Jr., T.T.,p, 123)

10. **Davis v. United States**, 98-20054-TU **(W.D. TN.)**, Davis testified at his sentencing hearing that Clarance Alexander Jr. was the informant who set him up. See (Exhibit 10, Davis Sentencing Transcript, pp. 61-78); and (Exhibit 11, Davis Sentencing Factors, pp. 1-3)

11. **Butler v. United States**, 99-20009 **(W.D. TN.)**, Wicks committed perjury and testified in open court that he had never served as an informant for the government before. (Wicks, T.T., p. 360)

12. **Fredrick Wicks v. United States**, 94-20180 **(W.D. TN.)** Wicks wrote three letters of his cooperation to the district court that was filed in open court. See (Exhibits 12-14; (Cooperation Letters); (Exhibit 15, Wicks Sentencing Transcript, p. 15, Wicks testified in open court that him and his wife cooperated and furnish crimes)(Exhibit 16, Wicks Resentencing Transcript, p. 27, Wicks received his 5K1.1 motion and Rule 35(b) motion in open court and admitted his cooperation) Wicks cooperated against **David Sidney and Willie Hallinburton v. United States**, 94-CR-20247-BBD **(W.D. TN.)** and **Keith Thompson v. United States**, 94-CR-20193-JPM **(W.D. TN)**

Not only have any privacy concerns been waived in court repeatedly, Johnson have been reported in the media twice as a unknown witness, but his identity was later revealed as discussed throughout Plaintiff's brief. See (Exhibit 26 and 27); See **Bennett,**

55 F. Supp.2d at 42 ("By choosing to "work" as a regular government informant, and by testifying about activities and "earnings" in open court, Chambers has chosen to give up his personal privacy interests to this information.")

## VIII.

### REQUEST FOR ALEXANDER JR. AND JOHNSON'S HISTORY OF UNRELIABILITY AND DOCUMENTATION OF ANY ADMINISTRATIVE SANCTIONS

Alexander Jr. have used four different names as "aliases" to avoid the authorities paying for his services. Alexander Jr. also have a history of failing to appear ending in two arrest warrants, and testified in Plaintiff's criminal trial that he have no felony convictions. (Alexander Jr., T.T., pp.114-115); (Exhibit 6, Alexander Jr. "alias") Andre J. Johnson have used the "alias" name of Andre Byrd to avoid the authorities paying for his services, and testified in open court during Curtis McDonald's Conspiracy, Case No. 94-20256 (W.D. Tn.), that he lied on a affidavit so his lawyer, Mr. Jagendorf could represent him. That he was a drug dealer and robber. That he was a convicted felon facing life. Johnson admitted he would kill for $100,000. Admitted lying September 24,1994, when he was arrested by giving the false name "Octavius Guy" and by using a fake driver's license. He purchased his house and lot in the false name "Robert Boyland" and told another lie to officers when he said he didn't own the house. See (Exhibit 22, McDonald's Affidavit with attached exhibits)(Exhibit 25, Johnson's Testimony and Cooperation in McDonald's Conspiracy, **Case No. 94-20256 (W.D. TN.)**, pp. 2395-2414); Compare; <u>**U.S. v. Bernal-Obeso, 989 F.2d at 335-336**</u> (It is clear in the abstract that a lie to the authorities paying for his services by an informant witness about his felony

criminal record would be relevant evidence to the informant's credibility); **Crivens v. Roth, 172 F.3d 991, 998 (7th Cir. 1999)**(child's use of alias as they relate to these convictions could have damaged his credibility in the eyes of the trial court.) Given Alexander Jr. and Johnson's vast catalogue of perjury and lies before the court and jurors,together with the above mentioned documents, it is clear that Alexander Jr. and Johnson must have been sanctioned by the prosecution and/or DEA, and must have been accompanied by documentation. The defendants refused to deny or confirm any administrative sanctions. Thus, defendants failed to met it's burden of proving that it's search was reasonable with respect to locating records of administrative sanctions imposed on Alexander Jr. and Johnson. Compare, **Bennett, 55 F. Supp.2d at 43.**

IX.

CONCLUSION

Plaintiff, Philander Butler here seeks to expose secret payments, outrageous sentence reductions, ignored perjury and lies by Wide, Alexander Jr., Wicks, and Johnson and the prosecution and/or DEA. Plaintiff seeks to shed light of the startling continued use of four con artist with extensive arrest records in two maybe three States.

Material facts are genuinely at issue. Plaintiff has tendered proof of the existence, materiality and propriety of release of each type of document sought. Public interest in the Western District of Tennessee Attorney's Office and/or DEA'S activities regarding WIde, Alexander Jr., Wicks, and Johnson weigh in favor of release of all requested material, and defendant's motion should be denied.

Respectfully submitted,

DATED: December _12_, 2005

_Philander Butler_
Philander Butler Pro-Se
Reg. No. 16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock, LA. 71467

18

## DECLARATION OF PHILANDER BUTLER

I, **Philander Butler,** hereby state and declare as follows:

1. I am a Pro-Se litigant pursuant to **Haines v. Kerner,** 404 U.S. 519(1972).

2. I was charged in a one count indictment on or about January 6,1999, in the Western District of Tennessee, the defendant, Philander Butler and Reginald Wide, being aided and abetted each by the other, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 120 grams of cocaine base, a controlled substance as clarified by Title 21, United States code, Section 812 as a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3. That Reginald Wide, Clarence Edward Alexander Jr., Fredrick Wicks, and Andre J. Johnson all testified falsely for the prosecution in my criminal trial, **Butler v. United States,** 99-20009 **(W.D. TN.),** pertaining to their criminal records and/or plea agreements, and the prosecution and/or DEA allowed it to go uncorrected, knowing it to be false.

4. That the Western District of Tennessee Attorney's Office never disclose to me or my attorney any document's relating to Wide, Alexander Jr., Wicks, or Johnson's criminal records, plea agreement's (5K1.1 motions and Rule 35(b) motions, drug additions, or histories of unreliability. (Exhibit 5, First and Second Discovery Responses)

5. The prosecutor did however, verbally notify counsel that Wide had agreed to cooperate and testify at the eleventh hour without any documention to confirm the extent of Wide's cooperation

6. That I had know idea that Alexander Jr., Wicks, or Johnson were testifying for the prosecution until the day they actually testified.

7. That Wicks and Johnson weren't called as witnesses to the final day of my trial, before the jury began to deliberate.

8. That I have filed five (5) Civil Complaints to compel disclosure of documents pertaining to Wide, Alexander Jr., Wicks, Johnson, and trial counsel. See **Butler v. United States**, 04-2205 **D/P (W.D. TN.)** July 22,2005, (granted Andre J. Johnson, Resentencing Transcript). **Butler v. J.C. McLin, et. al.**, 04-2469 **D/P,** (Feb. 4,2005)(denied for lack of jurisdiction, but refilled in the State of TN. and granted Wide's State Transcript); **Butler v. Lynn Dudley,** 05-2112 D An **(W.D. TN.)**; (pending); **Butler v. Federal Bureau of Prisons,** 05-CV-643 **(D.C. Cir. 2005)**; (denied); and **Butler v. Drug Enforcement Administration,** 05-1798 **(D.C. Cir. 2005)**(pending).

9. That I hired two paralegals, Mr. Curtis West and Mrs. Lauren Gallo, with the aid of my sister, Debra Butler, to help obtain document's and affidavits in support of the Western District of Tennessee attorney's and/or DEA's outrageous misconduct. See (Exhibit's 28-30).

10. That I have read and studied the documents, that Mr. west, Mrs. Gallo and Mrs. Butler have retrieved and compared them with the documents from from two Civil Complaints, I believe the documents and affidavits to be truthful.

11. The citations to various reporter's transcripts from Federal and State cases in the Western District of Tennessee and 30th Judicial District, Shelby County, Tennessee are to actual physical transcripts in my possession. Should the Court require, I

will file any incomplete transcripts under separate cover.

   **12.** Attached hereto as Exhibits 28-30 are people that have assisted in retrieving documents and a  list of clerks and court reporters contacted regarding Reginald Wide, Clarence Alexander Jr., Fredrick Wicks and Andre J. Johnson's criminal  records and plea agreements. I have compiled these documents over the last four years, and they are as accurate as I can Possibly make them. I have transcript, letters, affidavits, court pleadings, and one law enforcement report substantiating the information.


   I declare under the penalty of perjury (pursuant to 28 U.S.C. § 1746) that the foregoing is true and  correct to the best of my knowledge.


Dated: December  12 ,2005.           _Philander Butler_
                                     Affiant

21

# CERTIFICATE OF SERVICE

I, ___Philander Butler___ , do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s):

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF PHILANDER BUTLER; AND EXHIBITS

which, pursuant to Houston v. Lack, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and /or their attorney(s) of record.

I have place the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

Megan L. Rose
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

and deposited said envelope in the United States Postal Service via the legal mailbox here at the United States Penitentiary Pollock, LA, on this ___12___ day of ___December___ 2005.

_Philander Butler_

Reg. No.:___16665-076___

U.S. Penitentiary Pollock
P.O. Box 2099
Pollock, Louisiana 71467-2099