Date: December 18, 2005

To: Clerk of Court
United States District Court
for the District of Columbia
U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

From: Philander Butler #16665-076
U.S.P. Pollock
P.O. Box 2099
Pollock, LA. 71467

RE: Philander Butler v. Drug Enforcement Admin., Civil Action No. 05-1798-(JDB) "Expansion of the Record"

Dear Sir or Madam:

I have recently received a letter from my trial counsel, Mr. Coleman Garrett, dated December 8, 2005, with attached documents to my case, after the Board of Professionals of the Supreme Court of Tennessee compelled him to respond to my letters and provide relevant documents to my case. Enclosed to the copies that counsel mailed to me, was a letter dated May 30, 2003, that he alleged he mailed to me, which I never received or had knowledge thereof. (See Attachment) This May 30, 2003, letter confirms my Civil Complaint that the government and/DEA has committed egregious misconduct for failure to disclose Reginald Wide, Clarence Edward Alexander Jr., Fredrick Wicks, and Andre J. Johnson's criminal records, prior testimonies, money paid to Alexander Jr. and sentence reductions given to Wide, Wicks, and Johnson pursuant to 5k1.1 and 35(b) motions, their histories of unreliability and documents relevant to administrative sanctions. In addition, this May 30, 2003, letter confirms that the prosecution and/or DEA allowed Wide, Alexander Jr., Wicks, and Johnson to committ perjury knowing that they were committing

RECEIVED
DEC 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

perjury. (See, Plaintiff's Opposition Brief to Defendant's Motion for Summary Judgment, pp.4-17) Therefore, Plaintiff seeks to "expand the record" to expose secret payments, outrageous sentence reductions, ignored perjury and lies by Wide, Alexander Jr., Wicks, and Johnson and the prosecution and/or DEA. Plaintiff seeks to "expand the record" to shed light on the startling continued use of four con artist with extensive arrest records in two maybe three states, and continued perjury and lies throughout our criminal justice system. (See, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, p.17)

Dated: December 18, 2005                    Respectfully Submitted,

                                                                          *Philander Butler*
                                                                          Philander Butler

**"ATTACHMENT"**

| | | |
|---|---|---|
| Coleman W. Garrett<br>cwgarrett@bellsouth.net | **GARRETT & ASSOCIATES**<br>ATTORNEYS AT LAW | 212 Adams Avenue<br>Memphis, Tennessee 38103<br>(901) 529-0022 Telephone<br>(901) 529-0299 Facsimile |

December 8, 2005

Mr. Philander Butler
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467

      Re:    File No.: 28686c-9-jj

Dear Mr. Butler:

      Enclosed herewith is a copy of the entire file I have on the case I handled for you. The case went to trial and resulted in a jury finding of guilty to the charge of Possession with Intent to Distribute approximately 120 grams of cocaine base. For sentencing purposes and according to the Federal Sentencing Guidelines your total base level was 32 with a criminal history category of VI. Therefore, your guideline range was 360 months to life, with a restricted guideline range of life imprisonment. I have no other documents in my possession.

      It is correct that I charged you $10,000.00 to represent you through the trial of your case. However, it is not true that you paid me $10,000.00. But, whatever your balance is, it has nothing to do with sending the requested documents and information. I am sending all of the documents I have.

      With respect to your request for an "Affidavit of Questionnaire", I repeat, I will not sign any such document, making myself a witness in your post-conviction proceeding. I have never heard of such a request and will not voluntarily guess at the correctness of the answers to your questions. I again suggest that a transcript of the trial proceedings is the most reliable source of information.

      I note you have a civil suit pending against the Bureau of Prisons to compel disclosure of our telephone conversation relative to your request for information. I will appear in any proceeding and testify at the request (subpoena) of any party if ordered to do so by a court of competent jurisdiction.

      This is, I believe, my third response to your requests for the same documents and information. I do not see how I can be of further assistance.

                            Sincerely,

                            GARRETT & ASSOCIATES

                            Coleman W. Garrett

CWG:kjg



COLEMAN W. GARRETT
cwgarrett@bellsouth.net

PAUL J. SPRINGER
pjspringer@bellsouth.net

605 Poplar Avenue
Memphis, TN 38105
(901) 529-0022
(901) 544-9443 Fax

# GARRETT, SPRINGER & ASSOCIATES
### ATTORNEYS AT LAW

May 30, 2003

Mr. Philander Butler
U.S. P. Pollock
P.O. Box 2099
Pollock, LA 71467

    RE: United States vs. Philander Butler
       NO. 99-20009-D

Dear Philander;

  I received your letters with the attached questionnaires on May 22, 2003 and May 23, 2003. The questionnaire contains forty-seven, true and false questions about my preparation for trial with respect to certain witnesses and statements. You are asking me to answer these questions under penalty of perjury regarding a trial that took place in May, 1999. I cannot do that.

  In the first instance, it is my recollection that most of the witnesses in the case were inmates with criminal histories who were awaiting disposition of pending charges. I did interview all of the witnesses called on your behalf, but I do not recall having records of their criminal histories.

  Furthermore, I am not aware of any benefits received by witnesses who testified for the government in your case. That would have been something that took place after the fact.

  I have no present recollection of any photographs in your case. I know we did request discovery, but I do not remember the government producing any photographs.

  Any additional information I had regarding Reginald Wide's plea agreement would have been a part of the trial record. Likewise, any information I had regarding witnesses' criminal records would have been made a part of the record. My files do not reflect such information and I do not have a copy of the transcript in this case.

Whether I objected to certain witnesses' testimony would be reflected in the record. I have no present recollection of such. Any objections not shown in the record, on whatever subject matter, obviously were not made.

With respect to most of the questions you present, I simply do not recall sufficiently to answer these questions under oath without the record in this case.

Good Luck.

Sincerely,

Coleman W. Garrett

CWG:kjg

# CERTIFICATE OF SERVICE

I, __PHILANDER BUTLER_____, do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s):

"EXPANSION OF THE RECORD"

which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have place the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

   Megan L. Rose
   Assistant U.S. Attorney
   Judiciary Center Building
   555 Fourth Street, N.W.
   Washington, D.C. 20530

and deposited said envelope in the United States Postal Service via the legal mailbox here at the United States Penitentiary-Pollock, LA, on this __18__ day of __December__ 2005.

                                 /s/ Philander Butler
                                Reg. No.: ~~16665-076~~ 16665-076
                                U.S. Penitentiary Pollock
                                          P.O. Box 2099
                                Pollock, Louisiana 71467-2099