UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILANDER BUTLER,                          )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )          Civil Action No.:   05-1798 (JDB)
                                           )
DRUG ENFORCEMENT ADMINISTRATION, )
                                           )
        Defendant.                         )
_____)

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT**

Defendant Drug Enforcement Administration ("DEA"),[1] a component of the United

States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits

this Reply in support of Defendant's Motion For Summary Judgment.

**INTRODUCTION**

Plaintiff Philander Butler, a federal inmate proceeding *pro se*, brought this civil action

against the DEA under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the

Privacy Act ("PA"), 5 U.S.C. § 552a.[2]  Plaintiff's complaint seeks information about four third

parties, requesting the individuals' "criminal histories (including records of arrests, convictions,

warrants, or pending criminal cases), records of all case names, numbers, and judicial districts

where they testified under oath, or initiated the investigation, a list of all monies paid to them in

their capacity as DEA informants, and a list of sentence reductions . . . ."  Compl., Exh. A.

_____

[1]  Under the FOIA, the only proper defendant in this case is the United States Department
of Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

[2]  Plaintiff also brought a similar action against the Bureau of Prisons ("BOP"), in which
this Court granted summary judgment for the BOP on September 27, 2005.  See Butler v. Bureau
of Prisons, 05-0643 (JDB).

On November 28, 2005, Defendant moved for summary judgment on the grounds that it properly responded to Plaintiff's request for records concerning third parties, and properly invoked and justified its reliance on statutory exemptions under the FOIA and Privacy Act. Docket Entry # 10.  On December 19, 2005, Plaintiff responded to Defendant's Motion and filed his opposition.  See Docket Entry # 12.  However, nothing in Plaintiff's opposition remedies Plaintiff's failure to raise a genuine issue of material fact concerning the propriety of any of Defendant's actions.

For the reasons set forth below and in Defendant's Motion For Summary Judgment, summary judgment for Defendant should be granted.

### ARGUMENT

As previously set forth in Defendants' motion, a plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records,'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B).  Because Plaintiff has failed to make such a showing here, Defendant is entitled to judgment as a matter of law.

**I.      Plaintiff Fails To Dispute That Any Responsive Records Were Undisclosable Under The Privacy Act.**

As an initial matter, Plaintiff fails to dispute the fact that the Privacy Act, 5 U.S.C. §552a(j)(2), in conjunction with DOJ regulations, 28 C.F.R. §16.98, exempt from mandatory disclosure DEA systems of records, including the DEA Investigative Reporting and Filing System (IRFS), Justice/DEA-008, and Operations Files, Justice/DEA-011.  See 5 U.S.C. §552a(j)(2); 28 C.F.R. §16.98.  Accordingly, the DEA properly found that these Privacy Act

Systems of records were not disclosable under the PA, unless their disclosure was made pursuant

to a written request by, or with the prior written consent of, the individual about whom the

records pertain, or unless their disclosure would be required under the FOIA, 5 U.S.C. § 552, or

under the order of a court of competent jurisdiction.  See 5 U.S.C. §552a(b)(2), (11); Def.

Motion, Decl. ¶ 14.  Plaintiff's Opposition fails to address the fact that, to date, there is no record

that Plaintiff provided a written authorization from any third party for release of information or

any proof of death for any of the individuals about whom Plaintiff requested information.  See

Decl. ¶ 20.  Therefore, the DEA properly went on to review whether disclosure of any

information would be required under the provisions of the FOIA.

**II.     The DEA Properly Found That Any Responsive Records Were Undisclosable Under The FOIA.**

The FOIA exempts from the requirement of disclosure "records or information compiled

for law enforcement purposes" to the extent that the production of such law enforcement

information "could reasonably be expected to constitute an unwarranted invasion of personal

privacy."  5 U.S.C. § 552(b)(7)(C).  Plaintiff's Opposition fails to dispute that any information

responsive to Plaintiff's request, if in existence at all, meets the threshold requirement of "being

compiled for law enforcement purposes" under Exemption 7.  See id.; Compl., Exh. A

(requesting four third parties' "criminal histories (including records of arrests, convictions,

warrants, or pending criminal cases), records of all case names, numbers, and judicial districts

where they testified under oath, or initiated the investigation, a list of all monies paid to them in

their capacity as DEA informants, and a list of sentence reductions . . . .").

In interpreting Exemption 7(C), courts employ a balancing test, weighing the privacy

interests of the affected individuals against the public interest in disclosure of the information. See, e.g., Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002), *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, 542 U.S. 970 (2004), *judgment reinstated,* Ogauju v. United States, 378 F.3d 1115, (D.C. Cir. August 17, 2004), modified 386 F.3d 273 (D.C. Cir. 2004). Where privacy concerns addressed by Exemption 7(C) are present, the exemption is broad and requires the person requesting the information to establish a sufficient reason for the disclosure. National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004). The requestor must show that the public interest sought to be advanced is a significant one, and that the requested information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted. Id. at 172-73.

In this case, the DEA properly found that the four individuals about whom Plaintiff requested information maintained a substantial privacy interest in their anonymity and in not being associated with criminal activity. Def.'s Motion, Decl. ¶¶ 16-19, 23. Most importantly, the DEA properly found that the individuals have a strong privacy interest in information related to whether or not they served at all in the capacity as a DEA informant. Id.; see also Dunkelberger v. Dept. of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990). The fact that there might have been prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. See Favish, 541 U.S. at 171; Kimberlin v. Dep't of Justice, 139 F.3d 944, 949 (D.C. Cir.), cert. denied, 525 U.S. 891 (1998); Edmonds v. FBI, 272 F.Supp.2d 35, 53 (D.D.C. 2000).

Plaintiff's Opposition states that he "seeks the requested information to flatly expose significant wrongdoing by the prosecution and/or DEA" in his criminal case, in which he was

convicted of possession with intent to distribute approximately 120 grams of cocaine base. Pl. Opp. at 7; Pl. Decl. ¶ 2. Plaintiff attempts to argue that the requested information is in the public interest because he "not only seeks information that happens to be related to his own case," but that he seeks "general information about four controversial informants." Id. at 7-8. However, any such argument lacks merit. Even Plaintiff's own FOIA request states that he requested the information concerning the four individuals because "these individuals testified in my trial, case no. 99-20009, for the government . . . The government committed misconduct by allowing them to commit perjury, knowing that they were committing perjury. Thus, I need such information for confirmation of prosecutorial misconduct." Def. Motion, Exh. A at 2. Plaintiff's Opposition further devotes several pages to challenging the testimony of witnesses at his trial. Pl. Opp. at 4-7.

Although, as Plaintiff argues, the FOIA's central purpose is "to open agency action to the light of public scrutiny," see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 772 (1989), a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against a third party's privacy interest. See, e.g., Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996). Furthermore, Plaintiff seeks information concerning these four individuals' criminal histories and investigative records, which is clearly not the type of information contemplated to be in the "public interest" under the FOIA. See United States Department of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. at 778-781 ("the public interest in the release of any rap sheet on [a third party] that may exist is not the type of interest protected by the FOIA."). In fact, Plaintiff's Opposition concedes that "rap sheets or

criminal histories are not generally subject to release under the FOIA." Pl. Opp. at 10.

Therefore, although Plaintiff argues that information concerning these four individuals' criminal

histories "is critical to expose the lies and perjury they have spread," the DEA properly

determined that the privacy interests of the four individuals outweighed any potential public

interest, and any disclosure in this case would be an unwarranted invasion of the individuals'

personal privacy. See Pl. Opp. at 10; Def. Motion, Decl. ¶¶ 16-19, 23-25, Exh. B.

Finally, Plaintiff's Opposition fails to dispute that the requested information was also

undisclosable under FOIA Exemptions 6, 7(D) and 7(F). See Def. Motion at 13-16.

Accordingly, in addition to properly withholding any information under Exemption 7(C), the

DEA properly invoked Exemptions 6, 7(D) and 7(F). See, e.g., Stephenson v. Cox, 223 F.

Supp.2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but

fails to address certain arguments made by the defendant, the court may treat those arguments as

conceded, even when the result is dismissal of the entire case.").

III.    The DEA Properly Responded To Plaintiff's Request.

As set forth above and in Defendant's Motion, under the Privacy Act and FOIA

Exemptions (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(F), the release of information requested by

Plaintiff in this case was not required. Therefore, DEA properly neither confirmed nor denied

the existence of responsive records related to any individual listed in Plaintiff's request, and DEA

neither confirmed nor denied that any individual listed in Plaintiff's request was a DEA

informant.

Nonetheless, Plaintiff's Opposition contends that Defendant "failed to make a diligent

search for appropriate responsive materials," and that Defendant should have redacted any

responsive information "to delete names, addresses, and other identifying information." Pl. Opp.

at 3, 13, 17. Plaintiff further contends that segregating the information "would fulfill the

Plaintiff's request, and yet would resolve defendant's concerns." Id. at 13. However, as

previously set forth in Defendant's Motion, in cases such as this, where DEA receives a request

seeking information pertaining to third parties' "capacity as DEA informants," DEA routinely

employs the response that it "neither confirms nor denies" the existence of responsive records.

Def. Motion, Decl. ¶¶ 16-19. DEA uses the "neither confirm nor deny" response to provide

maximum protection for privacy, the safety, welfare and confidentiality of individuals, and not to

mislead the requester. Id. ¶ 16. To admit that records exist would be a disclosure of information

contained in a PA system of records or would disclose the status of an individual as a

confidential source. To deny the existence of records, could be misleading or, in addition in the

case of a confidential source, allow a requester to identify a source by narrowing the possible

individuals that could have provided information. Id. ¶ 19. Thus, disclosure of *any* information

concerning these third parties would be an unwarranted invasion of their personal privacy.

Therefore, despite Plaintiff's contentions, because DEA properly invoked and justified its

reliance on statutory exemptions under the Privacy Act and the FOIA, DEA properly responded

to Plaintiff's request for records concerning third parties and Defendant is entitled to judgment as

a matter of law.

## CONCLUSION

For the reasons stated above and in Defendant's Motion For Summary Judgment,

Defendant respectfully requests that the Court grant summary judgment for Defendant.  See Fed.

R. Civ. P. 56(c).


Dated: January 31, 2006.

Respectfully submitted,


 /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


 /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Reply In Support Of Defendant's Motion For Summary Judgment** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**PHILANDER BUTLER**
**#16665-076**
**U.S.P.- Pollock**
**Pollock, LA 71467**

on this 31st  day of January, 2006.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building,
Civil Division
555 4th Street, NW
Washington, D.C. 20530