UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILANDER BUTLER,

    Plaintiff,

      v.

DRUG ENFORCEMENT
ADMINISTRATION,

    Defendant.

Civil Action No.  05-1798 (JDB)

## MEMORANDUM OPINION

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, plaintiff, a federal inmate proceeding *pro se*, files this action challenging the defendant's refusal to disclose records regarding third parties.   Defendant has filed a motion for summary judgment and plaintiff has opposed the motion.  Based on the factual record and the applicable law, the Court will grant defendant's motion.

*Background*

On February 18, 2005, plaintiff sent a letter to defendant requesting the following records on four named individuals:

> [C]riminal histories (including records of arrests, convictions, warrants, or pending criminal cases), records of all case names, numbers, and judicial districts where they testified under oath, or initiated the investigation, a list of all monies paid to them in their capacity as DEA informants, and a list of sentence reductions pursuant to 5K1.1 and Rule 35(b), as well as, their cooperations (sic) with other agencies, all records of instances where the DEA or other agencies intervened on their behalf to assist them in avoiding prosecution, and all records of administrative sanctions imposed on them for dishonesty, false claims, or other deceit.

Defendant's Motion for Summary Judgment ("Deft's Mot."), Declaration of Leila I. Wassom

("Wassom Decl."), Exhibit ("Ex.") A; *see* Complaint ("Compl."), ¶ 4.  In response to this request,

on March 18, 2005, the Drug Enforcement Administration ("DEA") stated that it would neither

confirm nor deny the existence of records regarding the third parties. Wassom Decl., Ex. B;

Compl., ¶ 5.  The DEA also informed plaintiff that it would not begin processing his request until

he provided either proof of the death of the individuals or waivers of privacy by them.  *Id.*  In the

absence of this information, the DEA asserted that the records were exempt from disclosure under

FOIA Exemptions 6 and 7(C). Wassom Decl., Ex. B.

On March 24, 2005, plaintiff filed an appeal with the Office of Information and Privacy

("OIP").  *Id.*, Ex. C.  Plaintiff asserted that the third parties had relinquished their privacy rights

by testifying at plaintiff's trial.  *Id.*  He also argued that the records were necessary to uncover

misconduct by the DEA and the prosecutor involving the third parties.  *Id.*   On August 1, 2005,

the OIP affirmed the DEA's decision in refusing to confirm or deny the existence of requested

records.  *Id.*, Ex. E.  The OIP stated that if such records existed, they would be exempt from

disclosure under Exemption 7(C).  *Id.*  Plaintiff then filed the present action.

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking

summary judgment bears the initial burden of demonstrating an absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

*Discussion*

In response to plaintiff's request for records, the DEA cited Exemption 7(C) and neither confirmed nor denied the existence of the information sought by plaintiff. Such an action by an agency in a FOIA case is called a "Glomar" response. *Phillippi v. CIA*, 546 F.2d 1009, 1011 (D.C. Cir. 1976); *Wheeler v. CIA*, 271 F.Supp.2d 132, 135 n. 2 (D.D.C. 2003); *Taylor v. U.S. Dep't. of Justice*, 268 F.Supp. 2d 34, 38, (D.D.C. 2003). A "Glomar" response may be issued if confirming or denying the existence of the records would associate the individuals named in the request with criminal activity, *Nation Magazine, Washington Bureau v. United States*, 71 F.3d 885, 893 (D.C. Cir. 1995), and where members of the public may draw adverse inferences from the mere fact that an individual is mentioned in investigative files of a law enforcement agency, *Taylor v. U.S. Dep' t of Treasury*, 257 F.Supp.2d 101, 112 (D.D.C. 2003). In such a case, the

agency must provide an affidavit explaining in as much detail as possible the basis for its claim. *Wheeler*, 271 F.Supp. 2d at 139, quoting *Phillippi*, 546 F.2d at 1013.

Exemption 7(C) concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records. *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep' t of Justice v. Reporters Committee for Freedom of Press,* 489 U.S. 749, 773-75 (1989). The exemption protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure " could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In order to properly withhold materials under this exemption, two components must be satisfied: (1) that the materials are law enforcement records and (2) that they would involve an invasion of a third party's privacy. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982); *DiPietro v. Executive Office for U.S. Attorneys*, 357 F.Supp. 2d 177, 184 (D.D.C. 2004).

According to the declaration provided by defendant, all documents potentially responsive to plaintiff's FOIA request were likely to be found in the DEA's Investigative Reporting and Filing System (IRFS) or the DEA's Operations File. Wassom Decl., ¶ 12. These are investigative files compiled for law enforcement purposes and contain information on individuals investigated by the agency and the identities and details regarding confidential sources. *Id.*, ¶¶ 12, 21-22. Disclosure of the information in these files would reveal personal information about individuals who were involved in or associated with criminal activity. *Id.*, ¶ 23. The agency further asserts that release of the information could result in embarrassment and unwelcome public scrutiny to the third parties. *Id.*

In cases involving personal data on private citizens in law enforcement records, " the privacy interest … is at its apex." *Reporters Committee*, 489 U.S. at 780.  In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure.  *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (*citing Reporters Comm.*, 489 U.S. at  779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "'Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.'" *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Social Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)"). Sources who provide information to law enforcement face reputational harm if their identities are disclosed. *Blanton v. U.S. Dep't of Justice*, 63 F.Supp.2d 35, 46 (D.D.C. 1999).

Plaintiff contends that the defendant's "Glomar" response is not appropriate because the four individuals plaintiff sought records about testified at plaintiff's trial; thus, their identities and cooperation with the DEA are already known. The fact that the identities of third parties have already been disclosed elsewhere does not diminish their privacy interest in not having other records disclosed.  *Taylor*, 268 F.Supp. 2d at 38 (citations omitted).  Prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the

government. *See Favish*, 541 U.S. at 171; *Kimberlin v. Dep' t of Justice*, 139 F.3d 944, 949

(D.C. Cir.), *cert. denied*, 525 U.S. U.S. 891 (1998); *Edmonds v. FBI*, 272 F.Supp. 2d 35, 53

(D.D.C. 2000). Therefore, the Court concludes that defendant has properly invoked Exemption

7(C) to protect the privacy interests of third parties.[1]

Having determined that defendant has properly asserted a privacy interest under

Exemption 7 (C), the Court must balance that interest in privacy of the individual mentioned in

the record against the public' s interest in disclosure. *Favish*, 541 U.S. at 172. Once a privacy

interest is identified under Exemption 7 (C), the FOIA records requestor must establish that (1)

the public interest is a significant one; and (2) the information is likely to advance that interest.

*Id.* The requestor must provide evidence that would warrant a belief by a reasonable person that

the alleged government impropriety might have occurred. *Id.* at 174. "[T]he only public

interest relevant for purposes of Exemption 7 (C) is one that focuses on 'the citizens' right to be

informed about what their government is up to.'" *Davis v. U.S. Department of Justice*, 968

F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that

"reveal little or nothing about an agency's own conduct" are not part of the public interest for

purposes of Exemption 7 (C). *Blanton*, 63 F.Supp.2d at 45 (quoting *Davis*, 968 F.2d at 1282).

Plaintiff' s desire for the information, such as for the purpose of challenging his conviction, is

irrelevant. *See Favish*, 541 U.S. at 174; *Reporters Committee*, 489 U.S. at 773.

Plaintiff's FOIA request sought information on four individuals who had testified at his

criminal trial. Deft's Mot., Ex. A. He alleged that these government witnesses lied about their

---

[1] Since the Court finds that non-disclosure of the identities of law enforcement officials is justified under Exemption 7(C), there is no need to decide whether non-disclosure was appropriate under the defendant's alternative rationales, Exemption 7 (D) and (F).

criminal histories and status as government informants. *Id.*, p. 2-3. He also claimed that the

prosecution offered this testimony knowing it was false and suppressed exculpatory material about

the witnesses. *Id.* Plaintiff argued that the individuals' privacy interests were "outweighed by the

great public interest in shedding light on the activities of the prosecution and DEA ...." *Id.*, p. 4.

To obtain records protected by a recognized privacy interest within Exemption 7(C), the

requestor must establish more than a " bare suspicion" in order to obtain disclosure. *Favish*,

541 U.S. at 174. " [T]he requestor must produce evidence that would warrant a belief by a

reasonable person that the alleged Government impropriety might have occurred." *Id.*

Moreover, in evaluating the requestor' s public interest claim, the Court should be mindful that

a presumption of legitimacy is accorded to the government' s official conduct. *Id.* (citation

omitted).

Beyond bald assertions of misconduct, plaintiff has produced no evidence to support his

claim of government misconduct. Thus, the Court finds that the plaintiff' s proffered public

interest does not outweigh the privacy interests of the third parties.[2]

**Conclusion**

Based on the foregoing analysis, defendant's motion for summary judgment will be

---

[2] Plaintiff contends that defendant has not met its burden of proving that the records search
was adequate. An agency need not provide an affidavit regarding its search efforts if the agency
properly refuses to confirm or deny records. *Pipko v. New Jersey*, 312 F.Supp. 2d 669, 680 (D.
N.J. 2004); *Wheeler*, 271 F.Supp. 2d at 141; *Greenberg v. United States Dep't of Treasury*, 10
F.Supp. 2d 3, 24 (D.D.C. 1998). Since the Court has found that the defendant's disposition of
plaintiff's records request by way of a "Glomar" response was appropriate, review of the adequacy
of the search is unneccesary.

granted.  An appropriate order accompanies this Memorandum Opinion.


_____/s/_____
JOHN D. BATES
United States District Judge

Dated: February 16, 2005